Steven Lawrence LEVINE, Appellant,

v.

The STATE of Texas, Appellee.

No. 07–89–0187–CR.

Court of Appeals of Texas, Amarillo.

June 11, 1990.

Mallory G. Holloway, Amarillo, for appellant.

Danny Hill, Dist. Atty., L. Charles Slaughter, Asst. Dist. Atty., Amarillo, for appellee.

Before REYNOLDS, C.J., and DODSON and BOYD, JJ.

REYNOLDS, Chief Justice.

A jury found appellant Steven Lawrence Levine guilty of the aggravated possession of marihuana and assessed his punishment at confinement for six years and a fine of $50,000. Appellant contends that evidence of the marihuana, which was seized from his vehicle in a warrantless search after he was stopped for a traffic offense, should have been suppressed. Disagreeing, we will affirm.

Neither the trial court, hearing appellant's pretrial motion to suppress, nor the jury, being instructed by the court's charge on probable cause, was persuaded to disregard the evidence of the marihuana found in the warrantless search of appellant's vehicle. The evidence, adduced pretrial and at trial, reveals that appellant's vehicle, traveling eastward on I–40 in Potter County, was stopped when Department of Public Safety Troopers Wayne Williams and Michael Moser radar-clocked its speed at 70 miles per hour in a 65 miles per hour zone.

When the troopers approached the vehicle, appellant identified himself and, upon request, produced a Massachusetts driver's license and registration papers for the vehicle, which bore dealer license tags. Appellant was detained for the issuance of a written warning and the verification of his license and registration. Because the weather was misty and cool, the troopers requested appellant to accompany them to their patrol car, where the issuance and verification were to be performed.

Trooper Williams and appellant sat in the front seat and Trooper Moser sat in the back seat. Upon entering the patrol car, both troopers noticed, as Trooper Williams expressed it, a "strong reeking odor of

[burnt] marijuana (*sic*) coming from Mr. Levine's person." Both troopers were trained in and familiar with the odor, and Trooper Williams had been around people consuming marihuana "hundreds" of times. Simultaneously, Trooper Moser began completing a "Consent to Search" form and Trooper Williams finished the written warning and the license and registration verification.

Trooper Williams explained the consent form to appellant, and asked him to read and sign it to consent to a search of his vehicle. Appellant refused to sign the form.

Upon appellant's refusal to sign, Trooper Williams advised appellant that since he and Trooper Moser smelled the strong odor of marihuana on his person, this was, or they felt it was, probable cause, and they would search his vehicle because they felt there was contraband in the car. At that time, appellant, according to Trooper Williams, said "to the effect can I give you my pot," or said, as Trooper Moser recalled, "that he would give us his pot."

Trooper Moser testified that the troopers had decided to search the vehicle before appellant stated that he had pot, and the search was based strictly upon the smell of marihuana on appellant. Trooper Williams testified that the search was grounded only on probable cause based upon his detecting the odor of burnt marihuana, adding that "I had probable cause to search because of the odor about him. It is not illegal to have the odor about your person."

As the troopers and appellant left the patrol car, Trooper Williams made a patdown search of appellant for weapons, finding none. Trooper Moser obtained the vehicle's keys from the ignition, opened the trunk, and found seven wrapped bales, totaling 151 pounds, of marihuana. Later, while searching the interior of the vehicle, Trooper Williams discovered seven marihuana joints and some loose marihuana in a shaving kit and a half-smoked marihuana cigarette in a jacket.

Testifying in his own behalf, appellant, particularizing the reason for his possession of the marihuana, conceded that all of the elements in the indictment were true. When asked on direct examination if the testimony of the troopers was true, he replied, "More or less, mostly." And when asked to explain the smell of marihuana on him, he said, "A little ways down the road, I had stopped and smoked a joint."

Appellant proposes, and the State agrees, that "[t]he question squarely presented is: Does the smell of burnt marijuana (*sic*) on a driver's person *in and by itself* raise probable cause to search that person's vehicle trunk?" It is appellant's position that given the facts, there is no "nexus" or "affirmative link" between the smell of marihuana on his person and his vehicle trunk. This especially obtains, he argues, since the troopers did not smell the odor of marihuana emanating from the vehicle itself and Trooper Williams volunteered that the odor of marihuana on a person is not illegal.

At the outset, we observe that appellant does not challenge the authority of the troopers to stop his vehicle because he was violating the speed law. *Moulden v. State*, 576 S.W.2d 817, 818 (Tex.Cr.App.1978). Then, once validly stopped, appellant's vehicle was subject to a warrantless search if the troopers had probable cause, *i.e.*, if "the facts and circumstances within the knowledge of the [troopers] on the scene and of which [they had] reasonably trustworthy information would lead a man of reasonable caution and prudence to believe that he will find the instrumentality of a crime or evidence pertaining to a crime." *Id.* at 819 (quoting *Brown v. State*, 481 S.W.2d 106, 110 (Tex.Cr.App.1972)). Thus, the existence of probable cause depends, and is determined by the court, upon the objective facts, and not upon the troopers' conclusions, either expressed, *Esco v. State*, 668 S.W.2d 358, 366 (Tex.Cr.App. 1982), or subjective. *Voelkel v. State*, 717 S.W.2d 314, 316 (Tex.Cr.App.1986).

The evidence shows that the troopers were trained and experienced in detecting the odor of marihuana and, in the light of appellant's testimony, it cannot be doubted that they smelled the odor of marihuana on his person. Although appellant, stressing

that the troopers based their search strictly on the smell of burnt marihuana, initially contends that the smell of burnt marihuana in and by itself does not give rise to probable cause, it must be accepted that to the trained and experienced law enforcement officer, the odors associated with drugs and drug trafficking often give rise to probable cause. *United States v. Martinez,* 808 F.2d 1050, 1056 (5th Cir.), *cert. denied,* 481 U.S. 1032, 107 S.Ct. 1962, 95 L.Ed.2d 533 (1987). *See, also, Johnson v. United States,* 333 U.S. 10, 13, 68 S.Ct. 367, 368, 92 L.Ed. 436 (1948). Indeed, probable cause to search a validly stopped vehicle without a warrant exists when the searching officer, experienced in detecting the odor of marihuana, smells burnt marihuana emanating either from the vehicle itself, *Razo v. State,* 577 S.W.2d 709, 711 (Tex.Cr.App.1979); *Moulden v. State,* 576 S.W.2d at 819–20; *Luera v. State,* 561 S.W.2d 497, 498 (Tex.Cr.App.1978), or from the person of the driver who has emerged from the vehicle, *Leonard v. State,* 496 S.W.2d 576, 578 (Tex.Cr.App.1973), or from both. *Ross v. State,* 486 S.W.2d 327, 328 (Tex.Cr.App.1972).

Still, appellant argues that the State never introduced any articulable facts to "connect" the odor of marihuana on him to the trunk of his vehicle. In this connection, he emphasizes that the search of the trunk occurred before marihuana was discovered in the interior of his vehicle. He then points out that although *Gill v. State,* 625 S.W.2d 307 (Tex.Cr.App.1981), which held that "[t]he finding of a small quantity of suspected contraband in the passenger compartment of an automobile does not alone amount to probable cause to search the trunk," *id.* at 311, was overruled by *Osban v. State,* 726 S.W.2d 107 (Tex.Cr. App.1986), the *Osban* decision does not authorize the search made by the troopers. This results, he submits, because the *Osban* court merely held that the search of a locked trunk was lawful after a small amount of contraband and a large amount of cash found within the vehicle interior constituted probable cause. *Id.* at 111.

Nevertheless, appellant's view of *Osban* is too restrictive. The *Osban* court did not hold that the trunk of an automobile could be searched only if contraband was first found in the automobile's interior. Rather, the court, noting the objective facts that (1) there was a valid warrantless search of the passenger compartment of an impounded automobile after the driver was arrested, (2) which revealed contraband and money, held that the applicable law cited gave the officer probable cause to search the trunk. 726 S.W.2d at 109–11. In citing the law, the court quoted with approval language from *United States v. Ross,* 456 U.S. 798, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982), from which these excerpts, with the *Osban* court's emphasis, are material to the appeal before us:

> A lawful search of fixed premises generally extends to the entire area in which the object of the search may be found and is not limited by the possibility that separate acts of entry or opening may be required to complete the search.... A warrant to search a vehicle would support a search of every part of the vehicle that *might* contain the object of the search. When a legitimate search is under way, and when its purpose and limits have been precisely defined, nice distinctions between ... glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand.

> \*     \*     \*     \*     \*     \*

> *The scope of a warrantless search of an automobile thus is not defined by the nature of the container in which the contraband is secreted. Rather, it is defined by the object of the search and the places in which there is probable cause to believe that it may be found.*

> \*     \*     \*     \*     \*     \*

> If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search of every part of the vehicle and its contents that may conceal the object of the search.

**454**

*Osban v. State,* 726 S.W.2d at 110–11 (quoting *United States v. Ross,* 456 U.S. at 820–25, 102 S.Ct. at 2170–73).

■ It follows, then, that given probable cause for the search of a lawfully stopped vehicle, no part of the vehicle is accorded priority in the search. Any part of the vehicle may be first searched, or there may be contemporaneous searches of its different parts.

■ The objective facts bearing on the troopers' probable cause for the search of appellant's lawfully stopped vehicle are that after appellant emerged from his vehicle, a strong smell of burnt marihuana emanated from his person; no marihuana was discovered in the pat-down search of his person for weapons; and when told that his vehicle would be searched, he offered to give his pot to the troopers. These facts accorded the troopers probable cause to believe that the marihuana offered would be found in appellant's vehicle. The probable cause justified the search of every part of the vehicle that might conceal the marihuana. *United States v. Ross,* 456 U.S. at 825, 102 S.Ct. at 2173. It is, of course, not uncommon for the search to reveal marihuana secreted in the trunk of the vehicle. *See, e.g., United States v. Ogden,* 572 F.2d 501, 502 (5th Cir.), *cert. denied,* 439 U.S. 979, 99 S.Ct. 564, 58 L.Ed.2d 650 (1978).

Accordingly, based on the law applicable to the objective facts in this prosecution, we hold that probable cause existed for the troopers to conduct a warrantless search of every part, including the trunk, of appellant's lawfully stopped vehicle that might contain marihuana. Appellant's point of error is overruled.

The judgment is affirmed.