IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN




 





NO. 3-92-432-CR





GEORGE GRANT III,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE


 



FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT



NO. 41,298, HONORABLE JOE CARROLL, JUDGE PRESIDING


 





PER CURIAM

 A jury found appellant guilty of possessing less than twenty-eight grams of cocaine,
a controlled substance. Tex. Health & Safety Code Ann. § 481.115 (West 1992). The district
court assessed punishment, enhanced by a previous felony conviction, at imprisonment for sixteen
years.

 In point of error one, appellant contends that he was arrested without probable
cause and that the resulting search of his person incident to that arrest was unlawful. In point of
error two, appellant alternatively argues that the search of his person exceeded the proper scope
of a frisk for weapons incident to a temporary detention. In either event, appellant urges that the
court erred by overruling his objection to evidence seized during the search, namely, a razor blade
and a piece of rock cocaine.

 The relevant facts were adduced at a hearing outside the presence of the jury. 
Harker Heights police officer Carl Marlow, a narcotics officer, testified that he was on patrol
when he received a radio dispatch concerning a stolen car. According to the dispatch, the car was
being driven by Carl Grover, a person known to the officer. About two hours later, Marlow saw
the stolen car. Grover was driving and a second man, later identified as appellant, was sitting in
the passenger seat. Marlow followed the car in his unmarked patrol vehicle while awaiting the
arrival of backup officers. He saw Grover stop and, accompanied by appellant, enter a residence. 
Three minutes later, the two men returned to the car. As they drove away, Grover and appellant
were stopped by a marked police vehicle.

 Marlow took charge of appellant while another officer arrested Grover. Standing
by his police vehicle with his pistol drawn, Marlow ordered appellant to place his hands on the
dashboard of the stolen car. Appellant complied with this order. Marlow then directed appellant
to exit the car and lie on the ground. Again, appellant obeyed the officer's order. As Marlow
walked toward appellant, he noticed a strong odor of marihuana both inside the car and on
appellant's clothing. Marlow handcuffed appellant, then had him stand to be frisked for weapons. 
Marlow felt a lump in appellant's front jacket pocket. The officer reached in the pocket and
removed a small plastic bag containing what appeared to be marihuana and a razor blade wrapped
in a piece of note paper. On the razor blade was a white powder substance. The officer searched
further and found a piece of rock cocaine wrapped in tissue inside appellant's hat. 

 The primary issue in this cause is the nature of appellant's detention. Citing
Amores v. State, 816 S.W.2d 407, 411-12 (Tex. Crim. App. 1991), appellant contends that he was
arrested when he was ordered to exit the car and lie on the ground. Noting that the report of the
stolen car did not mention a second suspect and that the officer testified that appellant was a
stranger to him, appellant argues that his mere presence in the car did not give the officer
probable cause to arrest him. Thus, argues appellant, the subsequent search of his person cannot
be justified as incident to a lawful arrest.

 A person is arrested when he is actually placed under restraint. Tex. Code Crim.
Proc. Ann. art. 15.22 (West 1977). The determination of whether a particular detention is an
arrest must be made in light of all the facts and circumstances surrounding the stop. Hoag v.
State, 728 S.W.2d 375, 379 (Tex. Crim. App. 1987). In Amores, "the police officer blocked the
[defendant's] car in the parking lot, drew his service revolver, ordered the [defendant] from his
car at gunpoint, ordered him to lie face-down on the pavement with his hands behind his back,
and told him he would be shot if he did not obey these orders." 816 S.W.2d at 411-12. The
court concluded that this detention of the defendant constituted an arrest even though the officer
characterized the stop as an investigative detention.

 While the facts and circumstances in this cause bear some similarity to those in
Amores, there are important distinctions. Unlike the defendant in Amores, appellant was a
passenger in a stolen car. Appellant does not dispute the authority of the police to stop the car
and arrest Grover, the driver. It was inevitable that appellant would be exposed, if only
indirectly, to the force used to effect the arrest of Grover. Because appellant was a passenger in
the stolen car, the police were authorized to temporarily detain him to determine his involvement,
if any, in the theft. Brown v. State, 830 S.W.2d 171, 175 (Tex. App.--Dallas 1992, pet. ref'd);
see Sanne v. State, 609 S.W.2d 762, 771 (Tex. Crim. App. 1980) (probable cause to stop and
detain occupants of automobile arose when officers learned that automobile was stolen). We also
deem it significant that, unlike the officer in Amores, Marlow did not verbally threaten to shoot
appellant. Considering all the facts and circumstances, we conclude that appellant was not
arrested but merely detained for investigation when he was told to exit the car and lie on the
ground.

 As he approached appellant, Marlow, an experienced narcotics officer familiar with
the odor of marihuana, smelled marihuana inside the stolen car and on appellant's clothing. This
gave the officer probable cause to arrest and search appellant. Levine v. State, 794 S.W.2d 451,
453 (Tex. App.--Amarillo 1990, no pet.). Thus, it is irrelevant whether the scope of the search
exceeded that considered proper in a frisk for weapons. The district court did not err in
overruling appellant's objection to the evidence seized during the search.

 Points of error one and two are overruled. The judgment of conviction is affirmed.


[Before Justices Powers, Aboussie and B. A. Smith]

Affirmed

Filed: November 25, 1992

[Do Not Publish]