TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-94-00329-CR







Johnny Armstrong, Jr., Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF BELL COUNTY, 27TH JUDICIAL DISTRICT


NO. 43,856, HONORABLE RICK MORRIS, JUDGE PRESIDING







PER CURIAM


 A jury found appellant guilty of possessing less than twenty-eight grams of cocaine. 
Controlled Substances Act, 71st Leg., R.S., ch. 678, sec. 1, § 481.115, 1989 Tex. Gen. Laws
2230, 2936 (Tex. Health & Safety Code Ann. § 481.115, since amended). The district court
assessed punishment, enhanced by a previous felony conviction, at imprisonment for twenty years.

 Temple police officer Clay Brown stopped appellant's automobile on June 9, 1993,
after observing appellant make an unlawful turn. When Brown approached the car, he noticed
a strong odor that he recognized from his training as burned marihuana. After waiting for
assistance to arrive, Brown had appellant step from the car and frisked him "for weapons and
drugs." The officer found $240 in cash and a pager in appellant's pocket, and a plastic bag of
marihuana in appellant's sock. Appellant was handcuffed and placed in a patrol car, and the
interior of his car was searched. A partially smoked marihuana cigarette was found in the ashtray,
a crack pipe fashioned from an automobile antenna was found in the console, and a razor blade
was found in the glove compartment. Brown saw what he believed was cocaine residue inside the
pipe. A Department of Public Safety chemist testified that he found 7.9 milligrams of cocaine in
the pipe and a trace of cocaine on the razor blade.

 In two points of error, appellant contends the evidence is legally and factually
insufficient to sustain his conviction. In determining the legal sufficiency of the evidence to
support a criminal conviction, the question is whether, after viewing all the evidence in the light
most favorable to the verdict, any rational trier of fact could have found the essential elements of
the offense beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307 (1979); Geesa v. State,
820 S.W.2d 154 (Tex. Crim. App. 1991); Griffin v. State, 614 S.W.2d 155 (Tex. Crim. App.
1981). When conducting a factual sufficiency review, we do not view the evidence in the light
most favorable to the verdict. Instead, we consider all the evidence equally, including the
testimony of defense witnesses and the existence of alternative hypotheses. Orona v. State, 836
S.W.2d 319 (Tex. App.--Austin 1992, no pet.). We will set aside a verdict for factual
insufficiency only if it is so contrary to the overwhelming weight of the evidence as to be clearly
wrong and unjust. Stone v. State, 823 S.W.2d 375, 381 (Tex. App.--Austin 1992, pet. ref'd as
untimely filed).

 Appellant contends the evidence is insufficient to support a finding that he
knowingly possessed the cocaine because the amount of cocaine on the razor blade was so small
as to be unmeasurable, while the cocaine in the crack pipe was not visible. These factual
assertions are not supported by the record. The chemist testified that the cocaine found on the
razor blade was not measured, but he did not testify that it was unmeasurable. Although the
chemist did testify that no cocaine was visible in the crack pipe, the arresting officer testified that
he saw cocaine residue in the pipe. 

 To establish the unlawful possession of a controlled substance, the State must prove
that the accused knowingly exercised care, custody, or control over the substance. Cude v. State,
716 S.W.2d 46, 47 (Tex. Crim. App. 1986). Appellant was the owner and sole occupant of the
car in which the crack pipe and razor blade were discovered. Cocaine residue was visible in the
pipe. Appellant was also in possession of a quantity of marihuana, a large amount of cash, and
a pager. Brown testified that the latter item is often used by drug dealers. From this evidence,
a rational trier of fact could find beyond a reasonable doubt that appellant knowingly possessed
the cocaine found in his car. Moreover, such a finding is not so contrary to the great weight and
preponderance of the evidence as to be clearly wrong and unjust. Points of error two and three
are overruled.

 Appellant's remaining point of error is that the attorney who represented him at
trial did not render effective assistance. To prevail on a claim of ineffective assistance of counsel
at the guilt stage, an appellant must show that counsel made such serious errors that he was not
functioning effectively as counsel and that these errors prejudiced the appellant's defense to such
a degree that he was deprived of a fair trial. Strickland v. Washington, 466 U.S. 668 (1984);
Hernandez v. State, 726 S.W.2d 53, 57 (Tex. Crim. App. 1986); and see Moore v. State, 694
S.W.2d 528, 531 (Tex. Crim. App. 1985); O'Hara v. State, 837 S.W.2d 139, 143 (Tex.
App.--Austin 1992, pet. ref'd). Appellant lists several errors allegedly made by counsel.

 Search. Appellant contends that the seizure of the marihuana in his sock exceeded
the scope of a lawful weapons frisk and that, as a consequence, the resulting arrest and search in
which the cocaine was found were unlawful. Appellant concludes that his lawyer was ineffective
for failing to move for the suppression of the evidence on this ground. This argument is without
merit. As appellant concedes, the initial traffic stop was lawful. When the officer smelled the
distinctive odor of burned marihuana, he had probable cause to arrest appellant. Christopher v.
State, 639 S.W.2d 932, 935 (Tex. Crim. App. 1982); Levine v. State, 794 S.W.2d 451, 453 (Tex.
App.--Amarillo 1990, no pet.). Because the objective facts warranted appellant's arrest, the search
of his person and automobile were lawful and defense counsel was not ineffective for failing to
file a motion to suppress.

 Chain of custody. Appellant contends his attorney should have objected to the
chain of custody of the crack pipe and razor blade because the officer who delivered the items to
the Department of Public Safety laboratory did not sign the transfer of evidence form. Brown
testified that he turned the seized evidence over to the department's evidence officer. At that time,
the evidence officer was Richard Robinson. Paul Otis, the officer who replaced Robinson in that
capacity, testified that he retrieved the evidence from the laboratory. Otis also testified that while
Robinson had not signed the transfer form when he delivered the items to the lab, Otis recognized
Robinson's initials on the document beside the lab's acknowledgment of receipt. Under the
circumstances, we cannot say that appellant's attorney was ineffective because he failed to object
to the alleged break in the chain of custody.

 Extraneous misconduct. Brown testified that he recognized appellant from "prior
dealings with him," and that appellant "has a history of resisting officers." While this was
evidence of previous misconduct, the State argues that it was relevant to explain why Brown
waited for backup to arrive before asking appellant to get out of his car. We conclude that, in any
event, counsel's failure to object is alone insufficient to warrant a finding of ineffectiveness.

 Punishment hearing. (1) At the punishment stage of trial, appellant expressed
surprise at the range of punishment applicable to this offense. Appellant contends this
demonstrates that his attorney did not properly counsel him prior to trial. We note, however, that
trial counsel told the court that he had explained the range of punishment to appellant. On this
record, appellant has failed to demonstrate that his attorney did not properly advise him of the
punishment attached to this offense.

 When reviewing a claim of ineffective assistance, we must indulge a strong
presumption that counsel's conduct fell within the wide range of reasonable professional
assistance. Jackson v. State, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). Appellant has not
overcome that presumption. Point of error one is overruled.

 The judgment of conviction is affirmed.


Before Justices Powers, Kidd and B. A. Smith

Affirmed

Filed: March 1, 1995

Do Not Publish

1.   The second prong of the Strickland test for effectiveness of counsel does not apply to errors
allegedly committed at the punishment stage of a noncapital trial. Ex parte Craig, 825 S.W.2d
128, 130 (Tex. Crim. App. 1992).