Timothy Eugene Hattox v. State of Texas
















IN THE
TENTH COURT OF APPEALS
 

No. 10-01-008-CR

     TIMOTHY EUGENE HATTOX,
                                                                         Appellant
     v.

     THE STATE OF TEXAS,
                                                                         Appellee
 

From the 220th District Court
Bosque County, Texas
Trial Court # 00-05-13303-BCCR
                                                                                                                
                                                                                                         
O P I N I O N
                                                                                                                

      Timothy Hattox pleaded guilty to possession of marihuana in the amount of five (5) pounds
or less but more than four (4) ounces. The trial court sentenced him to two years’ imprisonment,
suspended imposition of sentence, and placed him on community supervision for five years. In
his sole point of error, Hattox contends that the trial court erred in refusing to grant his motion
to suppress evidence obtained in violation of his rights under the Fourth Amendment, the Texas
Constitution, and section 38.23 of the Texas Code of Criminal Procedure.
Background Facts
      On April 23, 2000, Hattox was a passenger in a car driven by his girlfriend, Katy Anderson. 
Officer Mabry of the Texas Department of Public Safety stopped Anderson’s car for failure to
display a front license plate. Mabry testified that he saw a driver and two passengers in the car. 
Hattox was the front seat passenger, Anderson was the driver, and Jonathan Patterson was the rear
passenger. Mabry testified that he saw the front passenger, Hattox, lean over in his seat as he
approached the vehicle from behind to initiate the stop. Upon stopping the vehicle, Mabry asked
Anderson to step to the rear of the car. He asked her why Hattox had leaned over in his seat, and
she told Mabry that he bent down to pick up his cell phone off the floorboard.
      Mabry then approached the passenger side of the vehicle and asked Hattox to step out of the
car. Mabry asked him why he leaned over, and Hattox responded that he was reaching for a drink
on the floorboard. Following these conflicting accounts, Mabry asked Hattox if he had any
weapons, and Hattox replied that he possessed a pocket knife. Mabry patted Hattox down to
locate any other weapons. Mabry’s pat down of Hattox produced no contraband.
      At this point, the officer asked the backseat passenger, Patterson, to step out of the car. 
Mabry noted that Patterson had both hands in his pockets. Mabry asked Patterson if he had any
weapons in his possession, and Patterson stated that he also had a small knife. While Mabry
patted down Patterson, he felt a spongy-like substance in his pocket. Suspecting the substance to
be a bag of marihuana because of its texture, Mabry reached into Patterson’s pocket and seized
the bag. Mabry confirmed that the bag contained a substance that looked and smelled like
marihuana. Next, Mabry handcuffed Patterson and searched the rest of the vehicle. Mabry
searched under the front passenger seat of the vehicle, where Hattox had earlier been seated and
leaned over during the stop. Mabry found an opaque plastic bag under Hattox’s seat. Mabry
opened the bag and discovered more marihuana. Hattox and Anderson were handcuffed and
arrested along with Patterson.
Search and Seizure
      Hattox argues that the trial court erred in refusing to suppress the marihuana found under the
passenger seat of the car. Hattox claims the evidence was seized after an illegal search of the
vehicle and argues the evidence should have been suppressed as the fruit of an illegal search. He
asserts standing to challenge the search, despite not being the owner of the automobile. Hattox
also claims a legitimate expectation of privacy in the contents of the searched bag. Because the
search of the vehicle and the search of the bag are argued as separate searches in Hattox’s brief,
we address the searches separately in this opinion. Hattox does not, however, separately brief his
state and federal constitutional claims. Therefore, we assume that he claims no greater protection
from the state constitution than that afforded by the federal constitution, and we need not
separately address his state constitutional claim. See Carmouche v. State, 10 S.W.3d 323, 326
n.1 (Tex. Crim. App. 2000); Muniz v. State, 851 S.W.2d 238, 251-52 (Tex. Crim. App. 1993).
Investigative Detention
      Initially, we must determine whether the investigative detention of Hattox was unlawful. 
Where the initial detention is unlawful, any evidence seized subsequent to such a detention is
inadmissible. See Gurrola v. State, 877 S.W.2d 300, 302 (Tex. Crim. App. 1994); see also Tex.
Code. Crim. Proc. Ann. art. 38.23(a) (Vernon Supp. 2001). A police officer may briefly stop
a suspicious individual in order to determine his identity or to maintain the status quo momentarily
while obtaining more information. Id. (citing Hoag v. State, 728 S.W.2d 375, 380 (Tex. Crim.
App. 1987). The reasonableness of a temporary detention must be examined in terms of the
totality of the circumstances and will be justified when the detaining officer has specific articulable
facts, which taken together with rational inferences from those facts, lead him to conclude that the
person detained actually is, has been, or soon will be engaged in criminal activity. See Woods v.
State, 956 S.W.2d 33, 38 (Tex. Crim. App. 1997). The officer is entitled to rely on all of the
information obtained during the course of his contact with the citizen in developing the articulable
facts which would justify a continued investigatory detention. See Bustamonte v. State, 917
S.W.2d 144, 147 (Tex. App.—Waco 1996, no pet.) (citing Razo v. State, 577 S.W.2d 709, 711
(Tex. Crim. App. [Panel Op.] 1979). The Court of Criminal Appeals has held that passengers in
an automobile are also subject to temporary investigative detentions. Rhodes v. State, 945 S.W.2d
115, 117 (Tex. Crim. App. 1997).
      During the Motion to Supress hearing, Mabry testified that: (1) before the vehicle pulled over
to the shoulder he noticed Hattox lean over out of sight as if to “hide” or “retrieve ” something
under the seat; (2) upon investigating the furtive movements, Hattox and Anderson gave
conflicting statements concerning Hattox’s movement towards the floorboard of the vehicle; (3)
he knew from his experience as an officer that suspicious movements toward the floorboard often
involved the hiding or retrieving of weapons; (4) a pat-down of Hattox produced a pocket knife;
and (5) Hattox carried no driver’s license identification. Given these articulated facts, the court
was justified in concluding that the officer’s continued detention of Hattox to investigate the furtive
movement and subsequent conflicting stories was lawful. Gurrola, 877 S.W.2d at 302. Under
the totality of the circumstances, we find that Mabry’s detention of Hattox furthered the goal of
investigation, maintenance of the status quo, and officer safety, and we cannot find the detention
unlawful. Id.
Standing to Search the Vehicle 
      Before a Fourth Amendment claim can be raised, a defendant must establish standing to object
to the illegal conduct on the part of the police. See Metoyer v. State, 860 S.W.2d 673, 677 (Tex.
App.—Fort Worth 1993, pet. ref’d). The defendant has the burden to establish standing to object
to a search. See State v. Klima, 934 S.W.2d 109, 110 (Tex. Crim. App. 1996) (citing Rakas v.
Illinois, 439 U.S. 128, 134, 99 S. Ct. 421, 425, 58 L. Ed. 2d 387 (1978)). In order to establish
standing to contest a search, one must show that he had a legitimate expectation of privacy in the
area searched. Id.
      Fourth Amendment rights are personal rights which may not be vicariously asserted. See
Rakas, 439 U.S. at 133-34, 99 S. Ct. at 425. “A person who is aggrieved by an illegal search and
seizure only through the introduction of damaging evidence secured by a search of a third person’s
premises or property has not had any of his Fourth Amendment rights infringed and does not have
standing to challenge the search.” Hughes v. State, 24 S.W.3d 833, 838 (Tex. Crim. App. 2000)
(quoting Rakas, 439 U.S. at 134, 99 S. Ct. at 425). A passenger in a vehicle does not have a
legitimate expectation of privacy in a vehicle where he fails to assert a possessory interest in the
vehicle or the property seized. See Meeks v. State, 692 S.W.2d 504, 510 (Tex. Crim. App.
1985); Trinh v. State, 974 S.W.2d 872, 874 (Tex. App.—Houston [14th Dist.] 1998, no pet.). 
A passenger without a possessory interest in an automobile lacks standing to complain about its
search because his privacy expectation is not infringed. See Rovnak v. State, 990 S.W.2d 863,
870 (Tex. App.—Texarkana 1999, no pet.) (citing United States v. Riazco, 91 F.3d 752, 754 (5th
Cir. 1996)). Stated another way, where the defendant cannot show he gained permission to
possess the car, he does not have standing to challenge any search of the car.



       Hattox claims a possessory interest in the vehicle because he paid for the gas in the car. He
adds that, although the car belonged to Anderson’s grandmother, it was his primary mode of
transportation. However, Hattox was not driving the vehicle, nor did he gain permission from
Anderson to possess the car. Because he was merely a passenger, we find Hattox cannot claim
a violation of any legitimate reasonable expectation of privacy as a result of the search and seizure
of the vehicle or its other occupants. See Hughes, 24 S.W.3d at 838; Meeks, 692 S.W.2d at 510. 
Simply paying for gas and relying on the vehicle as primary transportation is not sufficient to
establish a possessory interest. Therefore, without a possessory interest in the automobile Hattox
does not have standing to challenge the search. Id.Search of the BagHattox argues the subsequent search of the contents of the plastic bag discovered under the
passenger seat was unlawful because he had a reasonable expectation of privacy in the bag
containing the marihuana. We disagree.
      Under the automobile exception, once probable cause to believe that an automobile contains
evidence of a crime is established, officers may conduct an immediate warrantless search of the
vehicle. See Powell v. State, 898 S.W.2d 821, 827 (Tex. Crim App. 1994). The United States
Supreme Court has held:
The scope of a warrantless search of an automobile is not defined by the nature of the
container in which the contraband is secreted. Rather, it is defined by the object of the
search and the places in which there is probable cause to believe that it may be found.

United States v. Ross, 456 U.S. at 820-25, 102 S.Ct. at 2170-73, 72 L. Ed. 2d 572 (1982). In
other words, if probable cause justifies the search of a lawfully stopped vehicle, it justifies the
search of every part of the vehicle and its contents that may conceal the object of the search. See
id.; Levine v. State, 794 S.W.2d 451, 453-54 (Tex. App.—Amarillo 1990, no pet.).
      An officer possesses sufficient probable cause when "reasonably trustworthy facts and
circumstances within the knowledge of the officer on the scene would lead a man of reasonable
prudence to believe that the instrumentality of a crime or evidence of a crime will be found." 
Holmes v. State, 962 S.W.2d 663, 671 (Tex. App.—Waco 1998, pet. ref’d, untimely filed) 
(quoting McNairy v. State, 835 S.W.2d 101, 106 (Tex. Crim. App. 1991). Whether the officer
possessed probable cause to pursue a course of action is determined by the “totality of the
circumstances.” See Bustamonte, 917 S.W.2d at 147 (citing Illinois v. Gates, 462 U.S. 213,
230-31, 103 S. Ct. 2317, 2328, 76 L. Ed. 2d 527 (1983)).
      We find the probable cause in this case justified the search of every part of the vehicle that
might conceal marihuana, including containers such as the plastic bag. See Ross, 456 U.S. at 825,
102 S.Ct. at 2173; Levine, 794 S.W.2d at 454. At the time of the search, Officer Mabry had
already seized marihuana from backseat passenger Patterson, noticed furtive movements towards
the floorboard by Hattox, and heard conflicting accounts explaining Hattox’s movements. Under
these facts Mabry had probable cause to believe that the bag discovered under Hattox’s seat
contained contraband. Based on the totality of the circumstances, Mabry could lawfully search
the vehicle, and any containers inside the vehicle likely to produce marihuana. Id. We find that
the search of the bag discovered under the passenger seat of the automobile did not violate
Hattox’s rights under the Fourth Amendment, the Texas Constitution, or section 38.23 of the
Texas Code of Criminal Procedure. Accordingly, the sole point of error is overruled. The
judgment is affirmed.

                                                                         REX D. DAVIS
                                                                         Chief Justice

Before Chief Justice Davis,
      Justice Vance and
      Justice Gray
Affirmed
Opinion delivered and filed December 28, 2001
Do not publish
[CR25]