IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00315-CV

 

LDF Construction, Inc., Lynn D. Foster, 

Mark W. Todd Architects, Inc. and 

Mark W. Todd,

                                                                                    Appellants

 v.

 

Sam Bryan, Connie Bryan, and Sammy 

R. Bryan, DDS, P. A.,

                                                                                    Appellees

 

No. 10-08-00348-CV

 

IN RE LDF CONSTRUCTION, INC. AND
LYNN D. FOSTER

 

Original Proceeding

 

10-08-00407-CV

 

IN RE MARK TODD AND MARK W. TODD
ARCHITECTS

 

Original Proceeding

 

 



From the 278th District Court

Walker County, Texas

Trial Court No. 24,273

 



ABATEMENT ORDER FOR MEDIATION










        The Legislature has provided for the
resolution of disputes through alternative dispute resolution (ADR)
procedures.  See Tex. Civ. Prac.
& Rem. Code Ann. §§ 154.001-154.073 (Vernon 2005).  The policy behind
ADR is stated in the statute: “It is the policy of this state to encourage the
peaceable resolution of disputes . . . and the early settlement of pending
litigation through voluntary settlement procedures.”  Id. § 154.002
(Vernon 2005).  Mediation is a form of ADR.  Mediation is a mandatory but
non-binding settlement conference, conducted with the assistance of a
mediator.  Mediation is private, confidential, and privileged.

        We find that this appeal and these
original mandamus proceedings are appropriate for mediation.  See id.
§ 154.021(a) (Vernon 2005); 10th
Tex. App. (Waco) Loc. R. 9.  Accordingly, we order the parties to the
appeal and original proceedings to participate in mediation.  We strongly
recommend the inclusion of the Amicus, Matlack/Van Every Design, Inc. and Joyce
Matlack, individually, (and any other party in the trial court proceeding), in
the mediation process as well.

        The parties are ordered to confer and
attempt to agree upon a mediator.  Within fourteen days after the date of this
Order, LDF Construction, Inc. is ordered to file a notice with the Clerk of
this Court which either identifies the agreed-upon mediator or states that the
parties are unable to agree upon a mediator.  If the notice states that the
parties are unable to agree upon a mediator, this Court will assign a mediator.

        Mediation must occur within thirty days
after the date the above-referenced notice agreeing to a mediator is filed or,
if no mediator is agreed upon, within thirty days after the date of the order
assigning a mediator.

        No less than seven calendar days before
the first scheduled mediation session, each party must provide the mediator and
all other parties with an information sheet setting forth the party’s positions
about the issues that need to be resolved.  At or before the first session, all
parties must produce all information necessary for the mediator to understand
the issues presented.  The mediator may require any party to supplement the
information required by this Order.

        Named parties must be present during the
entire mediation process, and each corporate party must be represented by a
corporate employee, officer, or agent with authority to bind the corporate
party to settlement.

        Immediately after mediation, the mediator
must advise this Court, in writing, only that the cases did or did not settle,
including, as an alternative, “settlement” by agreeing to proceed to binding
arbitration, and the amount of the mediator’s fee paid by each party.  The
mediator’s fees will be taxed as costs.  Unless the mediator agrees to mediate
without fee, the mediator must negotiate a reasonable fee with the parties, and
each party must pay a proportionate share of the agreed-upon fee directly to
the mediator.

        Failure or refusal to attend the mediation
as scheduled and to actively participate therein may result in the imposition
of sanctions, as permitted by law.  

        Any objection to this Order must be filed
with this Court and served upon all parties within ten days after the date of
this Order, or it is waived.

        We
abate the appeal and original proceedings for mediation. 

PER
CURIAM

Before
Chief Justice Gray,

        Justice
Reyna, and

        Justice
Davis

Order
issued and filed February 11, 2009

Appeal
and original proceedings abated for mediation

Do
not publish






60;The issue presented on appeal is whether the court erred in denying a pre-trial motion to
suppress because the evidence upon which the conviction is based was seized in violation of the
laws of Texas and the Texas Constitution. 
FACTUAL BACKGROUND
      On August 12, 1993, Officer Mike Hopson stopped a vehicle on Interstate 45 because it did
not have a rear license plate. As Officer Hopson approached the driver side window, he smelled
the odor of burnt marihuana. He asked the driver, Pope, to exit the vehicle and took him to the
patrol car to interview. He asked about the odor of marihuana, and Pope denied having any
marihuana. Hopson obtained verbal consent from Pope to search the vehicle and called for back
up to assist him. 
      Hopson then asked Richardson, the passenger, to exit the vehicle. He testified that he again
smelled the odor of burnt marihuana. He found a red canvas bag between the front and rear seats. 
He opened it and found a brown bag with Richardson’s name printed on it in gold letters. Hopson
did not ask Richardson for consent to search the bag although he testified that he realized the bag
belonged to Richardson. Inside Richardson’s bag were two bank bags, one of which contained
a large amount of cash. The other bank bag contained some sifters and small glass vials with a
powdery residue and a black film cannister containing marihuana. Hopson testified that sifters and
vials are drug paraphernalia commonly used with cocaine.
      Deputy Wesley Blue arrived to assist Hopson. Deputy Blue found two small plastic bags of
cocaine on top of the driver’s side visor. A canvas bag in the trunk yielded Pope’s checkbook,
several scoops, and an electronic scale. Pope and Richardson were arrested for possession of a
controlled substance. 
MOTION TO SUPPRESS
      Pope and Richardson allege that the cocaine was seized in violation of article I, section 9 of
the Texas Constitution which protects persons from unreasonable searches and seizures. Pope
specifically argues that the consent to search his vehicle was not given voluntarily. Richardson
alleges that Pope’s consent to search, even if voluntary, did not encompass a search of his bag.
      Warrantless searches are per se unreasonable under the Fourth Amendment. Stine v. State,
787 S.W.2d 82, 85 (Tex. App.—Waco 1990, pet. ref’d). Exceptions to this rule include: the
plain view exception, the automobile exception, and an inventory search. Id. We believe the
automobile exception is appropriate here. “Under the automobile exception, an officer may
conduct a warrantless search of a motor vehicle if the officer has probable cause to believe the
vehicle contains evidence of a crime.” Powell v. State, 898 S.W.2d 821, 827 (Tex. Crim. App.
1994). We review determinations of probable cause de novo on appeal. Guzman v. State, 955
S.W.2d 85, 87 (Tex. Crim. App. 1997). We afford deference to the trial court’s determination
of the historical facts, especially those based on the credibility and demeanor of witnesses. Id. at
89.  
      Thus, we must determine if Officer Hopson had probable cause to search the vehicle. 
Probable cause for a search exists where the facts and circumstances within the officer’s
knowledge, and of which [he] had reasonably trustworthy information, are sufficient to lead a
person of reasonable caution and prudence to believe that the instrumentality of a crime or
evidence pertaining to a crime will be discovered. Brown v. State, 481 S.W.2d 106, 110 (Tex.
Crim. App. 1972). Officer Hopson testified that when he approached the driver’s window he
smelled the odor of burnt marihuana. He further testified that he was familiar with the odor of
marihuana. The odor of marihuana coming from a vehicle has been held to be sufficient probable
cause for an officer to search the vehicle. Marsh v. State, 684 S.W.2d 676, 679 (Tex. Crim. App.
1984); Christopher v. State, 639 S.W.2d 932, 935 (Tex. Crim. App. [Panel Op.] 1982); Razo v.
State, 577 S.W.2d 709, 711 (Tex. Crim. App. [Panel Op.] 1979); Hernandez v. State, 867
S.W.2d 900, 907 (Tex. App.—Texarkana 1993, no pet.); Levine v. State, 794 S.W.2d 451, 453
(Tex. App.—Amarillo 1990, no pet.). As the Court in Hernandez stated, “because the initial stop
was proper, the subsequent search of the truck, after [Officer] Washington smelled the strong odor
of green marihuana, was also authorized, the odor having created sufficient probable cause for
Washington to believe marihuana was concealed in the truck.” Hernandez, 867 S.W.2d at 907. 
Officer Hopson had probable cause to search Pope’s vehicle because he smelled the odor of
marihuana. Further, Officer Hopson could search anywhere that marihuana might likely be found,
such as closed bags. According to the United States Supreme Court:
The scope of a warrantless search of an automobile thus is not defined by the nature of
the container in which the contraband is secreted. Rather, it is defined by the object of
the search and the places in which there is probable cause to believe that it may be found.
 
If probable cause justifies the search of a lawfully stopped vehicle, it justifies the search
of every part of the vehicle and its contents that may conceal the object of the search.

Osban v. State, 726 S.W.2d 107, 111 (Tex. Crim. App. 1986) (quoting United States v. Ross, 456
U.S. 798, 824-25, 102 S. Ct. 2157, 2172-73, 72 L. Ed. 2d 572 (1982); Levine, 794 S.W.2d at
453.


 Therefore, we find that Officer Hopson had probable cause to search the canvas bags in the
vehicle because they could conceal marihuana. We acknowledge Richardson’s contention that the
Texas Constitution affords a greater expectation of privacy in a bag clearly owned by a third party,
however because we have found probable cause exists to search the bags we need not address this
contention. 
      The officers could also search the visors for the marihuana. Deputy Blue found cocaine on
top of the visor instead of marihuana but under the “plain view” doctrine the seizure of the cocaine
was lawful. See Ramos v. State, 934 S.W.2d 358, 365 (Tex. Crim. App. 1996). The “plain
view” doctrine requires that law enforcement officials have a right to be where they are, and it
must be immediately apparent that the item seized constitutes evidence, which means there is
probable cause to associate the item with criminal activity. Id. In this case, the officers had
probable cause to search the vehicle and its contents for marihuana. In the course of their search,
they found cocaine which they appropriately seized under the “plain view” doctrine. 
      Because we have found that the automobile exception and the existence of probable cause 
allowed the warrantless search of the vehicle, we need not address Pope’s and Richardson’s
contentions that the search was illegal due to involuntary consent and the absence of consent to
search Richardson’s bag. See Harrison v. State, 929 S.W.2d 80, 83 (Tex. App.—Eastland 1996,
pet. ref’d). For these reasons, the court did not err in denying Pope’s and Richardson’s motion
to suppress. We overrule the issue presented.
      We affirm the judgment.
                    
                                                                          REX D. DAVIS 
                                                                         Chief Justice                                       
Before Chief Justice Davis
       Justice Cummings and
       Justice Vance
Affirmed
Opinion delivered and filed May 13, 1998 
Do not publish