

**NUMBER 13-15-00292-CR**

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

THE STATE OF TEXAS,                                          Appellant,

v.

JOSHUA LINDSEY,                                             Appellee.

**On appeal from the 105th District Court
of Nueces County, Texas.**

# MEMORANDUM OPINION

**Before Justices Garza, Perkes and Longoria
Memorandum Opinion by Justice Garza**

By a single issue, the State appeals the trial court's order granting appellee Joshua Lindsey's motion to suppress cocaine found in the trunk of Lindsey's car. *See* TEX. CODE CRIM. PROC. ANN. art. 44.01(a)(5) (West, Westlaw through 2015 R.S.) (authorizing interlocutory appeal of order granting motion to suppress). We reverse and remand.

## I. BACKGROUND

At the June 5, 2015 hearing on Lindsey's motion to suppress, the State presented only the testimony of Corpus Christi Police Officer Vicente Ortriz. After the hearing, the trial court issued the following findings of fact and conclusions of law:

FINDINGS OF FACT

1. Defendant's Motion to Suppress Illegally Seized Evidence was heard in this Court on June 5, 2015.

2. Defendant Lindsey challenged the detention, arrest, and search of his vehicle in his motion and at the suppression hearing.

3. Corpus Christi Police Department Officer Vicente Ortiz testified at the hearing as the State's only witness.

4. Officer Ortiz and Officer Gonzalez were dispatched to the Stripes convenience store in reference to a "beer run."

5. The officers approached two vehicles parked in front of the store, and Ortiz could smell a strong odor of marijuana emitting from the vehicles.

6. Officer Ortiz advised dispatch to hold the "beer run" call to further investigate the two vehicles.

7. After approaching the vehicle that did not belong to Lindsey, Officer Ortiz released them despite the car "reeking of weed."

8. Officer Ortiz turned the focus on Lindsey, approached him when he was outside his vehicle, immediately detained him, and handcuffed Lindsey to his unit.

9. Officer Ortiz did not see Lindsey smoking, commit any drug transactions, or physically possess any marijuana.

10. Officer Ortiz then did a pat-down search of Lindsey for officer safety, despite not having any reason to believe that Mr. Lindsey had any weapons on him.

2

11.  Officer Ortiz asked Lindsey to search his vehicle several times, and Lindsey denied permission to search.

12.  Both Officer Ortiz and Officer Gonzalez then did a search of Lindsey's vehicle.

13.  Despite Officer Ortiz'[s] testimony that he found marijuana residue, a white substance on the floor, and a scale when he opened the door to Lindsey's vehicle, the video of the incident contradicted this testimony.[1]

14.  The search went on for 11 minutes when Officer Ortiz asked Officer Gonzalez if he had found anything, and Officer Gonzalez said "nada," or nothing.

15.  Officer Gonzalez then asked Officer Ortiz if he was going to "double check," and the officers kept searching for another twenty minutes.

16.  After Lindsey had been sitting in the unit for twenty one minutes, multiple members of Lindsey's family began approaching the officers.

17.  Officer Ortiz did not ask any of Lindsey's family members if they had a valid license or insurance or if they were able to drive the vehicle home.

18.  Corpus Christi Police Department does not have any policies and procedures regarding the impoundment of vehicles and no inventory sheet was provided on this case; they do an inventory at the officer's discretion when there is an arrest.

19.  Officer Ortiz opened the trunk of Lindsey's vehicle after Lindsey had been in the unit for thirty minutes, pursuant to an inventory search after he decided to impound the car.

20.  Officer Ortiz found crack cocaine rocks in the trunk of the vehicle.

21.  When Lieutenant Bauer arrived at the scene after the trunk was opened, Officer Ortiz told Officer Bauer that all he had was a "strong

---

[1] The court reporter for the suppression hearing has advised this Court that a video recording of the stop and search was played at the suppression hearing. However, the recording was not admitted into evidence, and is therefore not included in the record before us.

odor of marijuana.  That's all I have."

22.   One officer asked Officer Ortiz, "where was it," to which Officer Ortiz responded, "in the back."

23.   Officer Ortiz never mentioned to Lieutenant Bauer that anything was found inside the vehicle.

CONCLUSIONS OF LAW

1.   Based on the above findings, probable cause did not exist to search the trunk of Defendant's vehicle.

(Record references omitted).

## II. STANDARD OF REVIEW AND APPLICABLE LAW

We review a trial court's ruling on a motion to suppress for abuse of discretion using a bifurcated standard of review.  *State v. Kerwick*, 393 S.W.3d 270, 273 (Tex. Crim. App. 2013).  We give almost total deference to the trial judge's determination of historical facts and of mixed questions of law and fact that rely on credibility determinations if they are supported by the record.  *Id.*  We afford the prevailing party the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from it.  *Wade v. State*, 422 S.W.3d 661, 666–67 (Tex. Crim. App. 2013).  We review de novo the trial court's application of law to a particular set of facts.  *Id.* at 667.  We will uphold the trial judge's ruling if it is correct on any theory of law reasonably supported by the record.  *Id.*

The defendant bears the initial burden of producing evidence to rebut the presumption of proper police conduct.  *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005).  The defendant satisfies this burden by showing that the search or seizure occurred without a warrant, shifting the burden to the State to show either the existence

4

of a warrant or that the search and seizure was reasonable. *Id.* The State satisfies this burden if it proves an exception to the warrant requirement. *See Gutierrez v. State*, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007).

In a motion to suppress hearing, "the trial court is the sole trier of fact and judge of the credibility of the witnesses and the weight to be given their testimony." *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). "Accordingly, the judge may believe or disbelieve all or any part of a witness's testimony, even if that testimony is not controverted." *Id.* "This is so because it is the trial court that observes first hand the demeanor and appearance of a witness, as opposed to an appellate court which can only read an impersonal record." *Id.* "When a trial court makes explicit fact findings, the appellate court determines whether the evidence (viewed in the light most favorable to the trial court's ruling) supports these fact findings." *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006).

"Whether we infer the fact findings or consider express findings, we uphold the trial court's ruling under any applicable theory of law supported by the facts of the case." *Alford v. State*, 400 S.W.3d 924, 929 (Tex. Crim. App. 2013). "Similarly, regardless of whether the trial court has made express conclusions of law, we uphold the trial court's ruling under any theory supported by the facts because an appellate court reviews conclusions of law de novo." *Id.* "Even if the trial court had limited its conclusion of law to a particular legal theory, an appellate court would not be required to defer to that theory under its de novo review." *Id.* This "rule holds true even if the trial court gave the

5

wrong reason for its ruling." *Armendariz v. State*, 123 S.W.3d 401, 403 (Tex. Crim. App. 2003).

### III. DISCUSSION

The State argues on appeal—as it did at the suppression hearing—that the probable cause to search the trunk of Lindsey's vehicle was based solely on the odor of marijuana emanating from Lindsey's vehicle and from Lindsey's person. In its reply brief, the State asserts that it does not rely on "the impound inventory and search incident to arrest exceptions to the warrant requirement." We note, however, that the trial court explicitly found that Officer Ortiz opened the trunk of Lindsey's vehicle "pursuant to an inventory search after he decided to impound the car."

The trial court's finding that Officer Ortiz smelled a strong odor of marijuana emanating from Lindsey's vehicle is not disputed. Lindsey argues that the smell of marijuana coming from the cab of the vehicle did not justify a search of the trunk because Officer Ortiz testified that he had already found marijuana residue and cocaine residue inside the cab of the vehicle. According to Lindsey, this testimony established that the marijuana (residue) had been found and seized, and therefore, an expansion of the search to the trunk was not justified. We are unpersuaded by Lindsey's argument. The trial court explicitly rejected Officer Ortiz's testimony that he found marijuana residue and other items inside the cab of the vehicle because "the video of the incident contradicted this testimony."

"A police officer 'may conduct a warrantless search of a vehicle if it is readily

6

mobile and there is probable cause to believe that it contains contraband.'" *Rocha v. State*, 464 S.W.3d 410, 418 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd) (quoting *Keehn v. State*, 279 S.W.3d 330, 335 (Tex. Crim. App. 2009)). "A strong odor of marijuana emanating from a car establishes probable cause to search the car and its occupants." *Id.* (citing *Jordan v. State*, 394 S.W.3d 58, 64–65 (Tex. App.—Houston [1st Dist.] 2012, pet. ref'd) (citing *Parker v. State*, 206 S.W.3d 593, 597 n.11 (Tex. Crim. App. 2006)); *see also Miller v. State*, 608 S.W.2d 684, 685–86 (Tex. Crim. App. 1980) (holding that officers were authorized to conduct pat-down search after smelling odor of marijuana emanating from car and from appellant's person); *State v. Crawford*, 120 S.W.3d 508, 510 (Tex. App.— Dallas 2003, no pet.) (finding that officers had probable cause to search car after smelling odor of burned marijuana)). In other words, police officers have the right to search an entire vehicle when they have probable cause to believe there is contraband in the vehicle, but do not know where it is located. *United States v. Ross*, 456 U.S. 798, 821–24 (1982) ("When a legitimate search is under way, and when its purpose and its limits have been precisely defined, nice distinctions . . . between glove compartments, upholstered seats, trunks, and wrapped packages, in the case of a vehicle, must give way to the interest in the prompt and efficient completion of the task at hand."); *see Osban v. State*, 726 S.W.2d 107, 110–11 (Tex. Crim. App. 1986) (en banc), *overruled on other grounds, Heitman v. State*, 815 S.W.2d 681 (Tex. Crim. App. 1991) (citing *Ross*, 456 U.S. at 820–25); *Levine v. State*, 794 S.W.2d 451, 454 (Tex. App.—Amarillo 1990, pet. ref'd) (finding officers had probable cause to search vehicle,

7

including the trunk, based on strong smell of marijuana emanating from defendant's person, and when told his vehicle would be searched, defendant's offer to give marijuana to the troopers); *Aguilar v. State*, 662 S.W.2d 436, 438 (Tex. App.—Corpus Christi 1983, no pet.) (holding odor of marihuana emanating from driver of van gave rise to probable cause for warrantless search of van).

Here, the trial court found that Officer Ortiz smelled a strong odor of marijuana emanating from the vehicle. Officer Ortiz had probable cause to search the vehicle, including the trunk. *See Ross*, 456 U.S. at 825; *Levine*, 794 S.W.2d at 454. We must therefore conclude that the trial court abused its discretion in granting Lindsey's motion to suppress. We sustain the State's sole issue.

## IV. CONCLUSION

We reverse the trial court's judgment and remand this cause for further proceedings consistent with this opinion.

DORI CONTRERAS GARZA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
14th day of July, 2016.

8