**Douglas LEONARD and David Dwight Turner, Appellants,**

**v.**

**The STATE of Texas, Appellee.**

**Nos. 46313, 46314.**

Court of Criminal Appeals of Texas.

July 11, 1973.

Fred A. Semaan, Butts & Butts, San Antonio, for appellants.

Ted Butler, Dist. Atty., Gordon V. Armstrong and Richard D. Woods, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

OPINION

DALLY, Commissioner.

The convictions are for the possession of marihuana; the punishment for each appellant, three years imprisonment, probated.

The only ground of error presented is that "The trial court erred in denying appellants' Motion to Suppress the fruits of the search and in admitting such evidence, over objections, in violation of appellants' rights under the Fourth, Fifth and Fourteenth Amendments to the United States Constitution."

Mergele, a San Antonio police officer, while on patrol near the Jefferson High School at approximately 1:30 p. m., stopped a station wagon which was being driven by the appellant Leonard, and in which the appellant Turner was a passenger. The officer testified that he stopped the vehicle to make "A driver's license check." Before the officer could get out of his vehicle Leonard "had already gotten out of his vehicle, and in a very fast pace, came up to me." The officer asked to see Leonard's "driver's license." Leonard said he did not have one, but offered other identification. The officer, when asked if he noticed anything about Leonard's appearance, replied: "Yes, sir; from an odor from his clothing, it was a marihuana smell." The officer then testified: "I proceeded over to the vehicle that I had stopped and I stuck my head into—to look at the passenger and asked him for identification. That is when I smelled the real strong odor of marihuana . . . When I bent down into the car I observed this smell of marihuana and I asked the passenger Mr. Turner for some identification, driver's license if at all possible. And, I asked if he would get out of the car, and as he did he walked around the back of the vehicle and I asked them to place their hands on the car. He put his cigarette pack up on the roof of the car . . . He placed it up on the car, and inside the celephane wrapper which surrounded the cigarette pack itself, was a small cigarette, you know, smoked. It appeared to be what I have seen before as a marihuana cigarette . . . I took this small cigarette butt out of the celephane and examined it and smelled it and it smelled like marihuana."

Officer Mergele called for assistance and Officers Longoria and Stengel arrived in two or three minutes. Officer Stengel searched the automobile and "found a baggie containing a small amount of marihuana under the floormat on the driver's side."

Article 6687b, Section 13, Vernon's Ann.Tex.Civ.St. provides:

"Every person shall have an operator's, commercial operator's, or chauffeur's license, in his immediate possession at all times when operating a motor vehicle and shall display the same upon demand of a magistrate or any officer of a court of competent jurisdiction or any peace officer . . . Any peace officer may stop and detain any motor vehicle operator for the purpose of determining whether such person has a driver's license as required by this Section."

Officer Mergele was a peace officer. See Article 2.12, Vernon's Ann.C.C.P.

■ Mergele was authorized to stop the appellants' vehicle by virtue of the statute and to determine whether the driver had a valid license to operate the vehicle. See Oliver v. State, 455 S.W.2d 291 (Tex.Cr. App.1970); Wallace v. State, 467 S.W.2d 608 (Tex.Cr.App.1971); Black v. State, 491 S.W.2d 428 (Tex.Cr.App.1973) and Myricks v. United States, 370 F.2d 901 (5th Cir. 1967). The State has a legitimate interest to determine the fitness of a vehicle to be used and its driver to operate such vehicle on a public road. The momentary stopping of a citizen for this purpose does not violate constitutional rights. See Myricks v. United States, supra.

Similar statutory provisions have been construed by many courts in the same manner as Article 6687b, Sec. 13, V.A.T.C.S. has been construed by this court. See, e. g., United States v. Lepinski, 460 F.2d 234 (10th Cir. 1972); United States v. Croft, 429 F.2d 884 (10th Cir. 1970); Lipton v. United States, 348 F.2d 591 (9th Cir.

1965); United States v. Ware, 457 F.2d 828 (7th Cir. 1972); Palmore v. United States, D.C.App., 290 A.2d 573 (1972) and State v. Garcia, 16 N.C.App. 344, 192 S.E. 2d 2 (1972).

So the stopping of the vehicle and the request to see the license of the driver to operate the vehicle did not constitute an arrest, but was lawful and permissible to carry out the statute regulating the operation of motor vehicles.

When the driver Leonard stated he did not have a license to operate the motor vehicle he had been driving, the officer was authorized to place him under arrest without a warrant. Article 14.01, subd. b, V. A.C.C.P.

The smell of marihuana about the appellant Leonard and the manner in which he approached the officer after *being stopped* gave the officer further reason to continue his investigation. Upon smelling the strong odor of marihuana emanating from the vehicle, he had a right to have the passenger, Turner, get out of the vehicle. Seeing the "marihuana roach" in possession of Turner and the additional facts already stated gave ample probable cause for the search of the automobile. The marihuana found under the floormat was lawfully seized. See Aldridge v. State, 482 S.W.2d 171 (Tex.Cr.App.1972).

The appellants argue that the stopping of the vehicle to inspect the operator's license to drive the vehicle was a mere pretext to search the vehicle and its "hippie looking" occupants.

When the prosecutor attempted to interrogate the officer concerning the stopping of other vehicles to inspect the driver's license near the time he stopped the appellants, the appellants' objection was sustained. The record of the examining trial was introduced by the appellants. It shows that, in answer to interrogation by defense counsel, the officer testified that, within *the hour* preceding the stopping of the appellants, he stopped two or three other ve-

hicles for the purpose of inspecting the operators' license to drive their vehicles.

Although there may be conflicts in the testimony and discrepancies between the trial and the examining trial testimony, these conflicts were resolved by the trial court as the trier of the facts. The record supports the trial court's implied findings that the officer was acting in a lawful manner and not upon a pretext in stopping the appellants' vehicle.

The judgments are affirmed.

Opinion approved by the Court.