**John Lee TARDIFF, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 53557.**

Court of Criminal Appeals of Texas.

Jan. 5, 1977.

John E. Terrill, Stephenville, for appellant.

Bob Glasgow, Dist. Atty., William L. Martin, Jr., Asst. Dist. Atty., Stephenville, Jim D. Vollers, State's Atty., David S. McAngus, Asst. State's Atty., Austin, for the State.

## OPINION

BROWN, Commissioner.

This is an appeal from an order revoking probation.

On March 6, 1975, appellant was convicted of possession of more than four ounces of marihuana and was assessed a sentence of ten years in the Texas Department of Corrections plus a fine of twenty-five hundred ($2500) dollars. Imposition of the jail sentence was suspended and appellant was ordered to pay the fine and was placed on probation for a period of ten years.

Condition "a" of appellant's probation was that he commit no offense against the laws of this State or of any other State or of the United States.

On February 16, 1976, the State filed a motion to revoke appellant's probation alleging that he had committed an offense, namely, possession of marijuana in an amount less than four ounces. After a hearing on the motion to revoke probation, the trial court found that appellant had violated condition "a" of his probation by committing the offense of possession of marihuana. The court revoked appellant's probation and sentenced him to ten years in the Texas Department of Corrections.

In his first ground of error appellant contends that the trial court erred in admitting into evidence at the revocation hearing the marihuana which was seized from appellant's person because it was the fruit of an unreasonable search and seizure.

The record reflects that the appellant was seated in the front passenger seat of a car driven by Kelly Hutchinson. The vehicle was stopped by troopers of the Texas Department of Public Safety who were conducting a routine check of equipment and drivers' licenses. The officers stated that they were stopping every car on the highway two miles north of Childress on U.S. Highway 83. Trooper Harpole testified that he approached the Hutchinson vehicle and requested identification from the driver. He said that he checked Hutchinson's license and then handed it back to him. He stated that when he handed it back a passenger lying down in the back seat sat up and began asking Harpole questions about a man named Vince Taylor. Harpole testified that on the previous night he monitored a police radio broadcast out of Paducah that Cottle County Sheriff's officers were looking for a man named Vince Taylor. He said that when the passenger began asking the questions he became a bit suspicious and observed that the passenger was weaving back and forth in the seat and appeared to be under the influence of drugs so he asked him to step out of the car. He stated that when the door was opened he detected the odor of marihuana emanating from the passenger. Harpole stated that he had smelled both unburned and burning marihuana on many occasions in his training and on duty. He said that he took the passenger whom he later determined to be Vince Taylor to the rear of the vehicle and requested his partner, Trooper Ellis, to remove the driver and appellant from the car.

Ellis testified that he also smelled the odor of marihuana coming from the car and its occupants when he removed them from the vehicle. He said that he noticed a bulge

or knot in appellant's trousers which he thought to be a weapon and he reported this fact to Harpole. Harpole then unbuttoned appellant's trousers, pulled them down, pulled his underwear down partially and saw a plastic bag containing a green leafy substance hidden in appellant's crotch. Harpole said that as he reached over to pull the bag out appellant put both hands on the officer's pistol and they began struggling and fell off the shoulder of the road into the ditch. Ellis stated that he went to Harpole's assistance, but then pulled his pistol to guard appellant's companions. Both officers stated that appellant then broke free and ran down the ditch and was finally subdued by them.

Placing primary reliance on *Murphy v. State*, 378 S.W.2d 73 (Tex.Cr.App.1964), appellant contends that the officer exceeded his authority in conducting a search of the passengers and the car because his justification for stopping the car ceased after he concluded the check of Hutchinson's driver's license. In *Murphy*, the accused was a passenger in a car which the officer stopped because of a traffic violation. The officer asked her a question (which was not specified) and when she did not respond he asked her to get out of the car. When she did not get out he reached in and physically removed her from the vehicle. The State argued that the officer was justified because he had formed the opinion that the defendant was drunk. However, this Court reversed the case because under the facts and circumstances the officer could not have formed his opinion until after he had pulled her from the car. The arrest and search were held to be unlawful.

■ Appellant concedes that the officer was justified in his initial stop of the car, for his authority for this act is without question. Art. 6687b, Sec. 13, Vernon's Ann.C.S. However, appellant seems to think that as soon as the officer hands the license back to the driver a veil falls to block out his view of any activity in the automobile. We cannot agree. Any articulable facts and circumstances which come into the officer's knowledge during the license check, or, for that matter, at any other time, may justify further investigation. *United States v. Brignoni-Ponce*, 422 U.S. 873, 95 S.Ct. 2574, 45 L.Ed.2d 607 (1975); *Sibron v. New York*, 392 U.S. 40, 88 S.Ct. 1889, 20 L.Ed.2d 917 (1967); *Brown v. State*, 481 S.W.2d 106 (Tex.Cr.App.1972).

■ Furthermore, appellant, as a passenger in the detained vehicle, cannot claim immunity from investigation. *Wood v. State*, 515 S.W.2d 300 (Tex.Cr.App.1974); *Leonard v. State*, 496 S.W.2d 576 (Tex.Cr. App.1973). The instant case is more closely akin to *Wood*, supra, and *Leonard*, supra, than to *Murphy v. State*, supra. In *Leonard*, the defendant's car was stopped for a routine license check and the driver got out of the car and approached the officer. The officer detected "an odor from his clothing . . . marihuana smell." He then approached the vehicle to ask the passenger for his identification whereupon he detected the "real strong odor of marihuana." The subsequent search was upheld.

In *Wood*, the accused was a passenger in a car driven by Glen Tores. An officer stopped the car because it had run a stop light and as he was discussing the traffic violation with the driver, Tores, he "observed by the light of (his) flashlight that the appellant appeared to be having difficulty keeping his eyes open and (he) formed the opinion that the appellant was under the influence of alcohol or drugs." When Wood could produce no identification, Tores quickly interjected that Wood had lost his driver's license the day before. Wood was asked to get out of the car and as he did the officer noticed that he was still acting as if under the influence of intoxicants and that he was watching the officer's holstered pistol. The officer became somewhat apprehensive about his own safety due to Wood's appearance. We upheld the officer's subsequent pat down search of Wood and search of the area in the car where he had been seated stating that "an occupant of an automobile is just as subject to a reasonable stop and to a reasonable frisk as is a pedestrian." *Wood*, supra, at 306; *Adams v.*

*Williams,* 407 U.S. 143, 92 S.Ct. 1921, 32 L.Ed.2d 612 (1972).

In the instant case, Trooper Harpole became somewhat suspicious when the passenger lying down in the back seat of the car sat up and began asking questions about Vince Taylor, whose name the officer had heard over his police radio. The passenger also weaved back and forth as if under the influence of drugs. The officer was justified in asking him to step out of the car for further investigation. At this time he detected the odor of marihuana. This gave even more justification for investigation and the officers were justified in requesting the other occupants of the car to step out. More odor of marihuana was detected along with the bulge or knot in the crotch of appellant's trousers, which Trooper Ellis thought to be a weapon. The foregoing "articulable facts and circumstances" justified the officer's subsequent actions in searching appellant. *Ablon v. State,* 537 S.W.2d 267 (Tex.Cr.App.1976).

Appellant's first ground of error is overruled.

In his second ground of error, appellant contends that the original order placing him on probation in 1975 was void because he was sentenced to ten years in prison and fined $2500, which appellant contends is a sentence in excess of ten years. Reliance is had upon *Balli v. State,* 530 S.W.2d 123 (Tex.Cr.App.1975). That portion of *Balli,* supra, which states that a fine plus a ten-year sentence is "in excess of ten years" was overruled by our subsequent decision in *Chudleigh v. State,* 540 S.W.2d 314 (Tex.Cr.App.1976).

Appellant's second ground of error is overruled.

In his third ground of error, appellant contends that the trial court erred in admitting into evidence the marihuana seized from his person because the State failed to prove a proper chain of custody. The State painstakingly introduced the testimony of each officer and agent of the Department of Public Safety who handled the marihuana in question. Each man, from Harpole on down, identified the exhibit and verified his marks on the packet. There is nothing in the record to suggest any tampering with or possible confusion about the exhibit. *Howery v. State,* 528 S.W.2d 230 (Tex.Cr.App.1975). Furthermore, appellant's objection went to the weight rather than the admissibility. *Lopez v. State,* 535 S.W.2d 643 (Tex.Cr.App. 1976).

Appellant's third ground of error is overruled.

The judgment is affirmed.

Opinion approved by the Court.