Affirmed and Memorandum Opinion filed July 25, 2006








Affirmed and Memorandum Opinion filed July 25, 2006.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-05-00793-CR

____________

 

ANTHONY CHARLES POLK, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 253rd
District Court

Chambers County, Texas

Trial Court Cause No. 12375

 



 

M E M O R A N D U M   O P I N I O N

Appellant entered a plea of not guilty to the offense of
possession of cocaine.  He was convicted and the trial court sentenced him to
two years incarceration in a State Jail Facility, and imposed a $1,500.00
fine.  The trial court suspended the sentence and placed appellant on
probation.  In four issues, appellant contends the trial court erred in denying
his motion to suppress the evidence.  We affirm.








I.  Factual and Procedural Background

On February 15, 2002, State Trooper Jason Matura observed a
blue Dodge Intrepid traveling on Interstate 10 in Chambers County, Texas. 
Trooper Matura testified the vehicle was following too closely and changed
lanes erratically.  Matura stopped the vehicle and, for safety reasons, asked
the driver to step to the rear of the vehicle.  Matura smelled a strong odor of
burnt marijuana on the driver.  Matura then asked the two passengers to step
out of the vehicle.  Matura handcuffed the three men for his own safety and
began to search the vehicle.  Matura found several bags in the trunk of the vehicle,
which he searched.  In a duffle bag, Matura found a baggie containing
marijuana, several pills, and cocaine.  When Matura asked about ownership of
the duffle bag, appellant stated the bag was his.  Matura arrested appellant
for possession of controlled substances and released the other two men. 

II.  Issues Presented

In appellant=s first two
issues, he argues the trial court erred in denying his motion to suppress
because Matura did not have reasonable suspicion to extend the scope of the
investigation to appellant.  In his third and fourth issues, appellant argues
the smell of burnt marijuana on the driver did not provide probable cause for
the search of the entire vehicle including the trunk.

III.  Discussion  

A.      Standard of Review








We review the trial court=s ruling on a motion
to suppress under an abuse‑of‑discretion standard.  Long v.
State, 823 S.W.2d 259, 277 (Tex. Crim. App. 1991) (en banc).  A trial court=s ruling on a
motion to suppress will not be overturned if it is supported by the record.  Brooks
v. State, 76 S.W.3d 426, 430 (Tex. App.CHouston [14th
Dist.] 2002, no pet.).  The trial court is the sole finder of fact and is free
to believe or disbelieve any or all of the evidence presented.  Id.  We
give almost total deference to the trial court=s determination of
historical facts that depend on credibility and demeanor, but we review de
novo the trial court=s application of the law to the facts if
resolution of those ultimate questions does not turn on the evaluation of
credibility and demeanor.  See Guzman v. State, 955 S.W.2d 85, 89 (Tex.
Crim. App. 1997) (en banc).  When, as in this case, the trial court fails to
file findings of fact, we view the evidence in the light most favorable to the
trial court=s ruling and assume that the trial court implicitly made
findings of fact that support its ruling if those implied findings of fact are
supported by the record.  State v. Ross, 32 S.W.3d 853, 855 (Tex. Crim.
App. 2000) (en banc).  Because the trial judge was free to believe any or all
evidence presented and to make a determination of historical facts supported by
the record after evaluating the credibility and demeanor of the witnesses at
the hearing, we give the trial court=s decision
deference.  See Guzman, 955 S.W.2d at 89. 

B.      Reasonable Suspicion for
Appellant=s Investigative Detention          

In his first two issues, appellant argues the trial court
erred in denying his motion to suppress because Trooper Matura did not have
reasonable suspicion to extend the scope of the investigative detention to
appellant.  An officer is permitted to make a lawful temporary investigative
detention of an individual if the officer has (1) a reasonable suspicion to
believe that an individual is violating the law; (2) some suggestion to connect
the detainee with the unusual activity; and (3) some indication that the
activity is related to a crime.  See Balentine v. State, 71 S.W.3d 763,
768 (Tex. Crim. App. 2002).  Appellant acknowledges in his brief that Trooper
Matura had reasonable suspicion to stop the vehicle and detain the driver, but
contends he did not have reasonable suspicion to believe that appellant
violated or was violating the law.  However, any articulable facts and
circumstances that come into the officer=s knowledge during
a valid traffic stop may justify further investigation.  Razo v. State,
577 S.W.2d 709, 711 (Tex. Crim. App. 1979).  Furthermore, appellant, as a
passenger in the detained vehicle, cannot claim immunity from investigation.  See
Tardiff v. State, 548 S.W.2d 380, 382 (Tex. Crim. App. 1977); Wood v.
State, 515 S.W.2d 300, 306 (Tex. Crim. App. 1974).  








As noted, appellant has acknowledged that Trooper Matura=s initial stop of
the driver was lawful.  A traffic stop is a temporary investigative detention. 
Josey v. State, 981 S.W.2d 831, 837 (Tex. App.CHouston [14th
Dist.] 1998, pet. ref=d).  If, during a valid traffic stop, an
officer develops reasonable suspicion that the detainee was engaged in, or soon
would engage in criminal activity, a continued detention is justified.  See
Davis v. State, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997) (en banc)
(citing Terry v. Ohio, 392 U.S. 1, 21B22, 88 S.Ct. 1868,
1880, 20 L.Ed.2d 889 (1968)).  When a police officer smells marijuana, he has a
reasonable suspicion that the detainee is engaged in criminal activity,
specifically, possession of a controlled substance.  See Taylor v. State,
20 S.W.3d 51, 56 (Tex. App.CTexarkana 2000, pet. ref=d) (holding that the odor of marijuana
alone provides reasonable suspicion of criminal activity sufficient to justify
a continued detention).  Further, Matura was justified in asking the
passengers to step out of the car for his safety.  See Rhodes v. State,
945 S.W.2d 115, 117 (Tex. Crim. App. 1997) (officers may use such force as is
reasonably necessary to maintain officer safety).  Trooper Matura testified he
handcuffed appellant and the other two passengers for his own safety because he
was alone and it was beginning to get dark.  Because Trooper Matura
testified that he smelled a strong order of marijuana on the driver, we hold he
had reasonable suspicion to further detain appellant.  Accordingly, appellant=s first and second issues are overruled.

C.        Probable Cause to Search
Appellant=s Bag








In his
third and fourth issues, appellant contends the trial court erred in denying
his motion to suppress because the smell of marijuana on the driver did not
give Matura probable cause to search appellant=s bag in the trunk of the vehicle. 
An officer may conduct a warrantless search of a motor vehicle if the officer
has probable cause to believe the vehicle contains evidence of a crime.  Powell
v. State, 898 S.W.2d 821, 827 (Tex. Crim. App. 1994) (en banc). Police officers
have the right to search an entire vehicle when they have probable cause to
believe there is contraband in the vehicle, but do not know where it is
located.  United States v. Ross, 456 U.S. 798, 821B24, 102 S.Ct. 2157, 2171B72, 72 L.Ed.2d 572 (1982) (AWhen a legitimate search is under
way, and when its purpose and its limits have been precisely defined, nice
distinctions . . . between glove compartments, upholstered seats, trunks, and
wrapped packages, in the case of a vehicle, must give way to the interest in
the prompt and efficient completion of the task at hand.@).  Probable cause to search a validly
stopped vehicle without a warrant exists when the searching officer,
experienced in detecting the odor of marijuana, smells burnt marijuana
emanating either from the vehicle itself, or from the person of an individual
who has emerged from the vehicle.  Leonard v. State, 496 S.W.2d 576, 578
(Tex. Crim. App. 1973). 

Appellant
argues that because Matura did not find marijuana in the interior of the
vehicle, he did not have probable cause to search the trunk.  This argument is
without merit.  If probable cause justifies the search of a lawfully stopped
vehicle, it justifies the search of every part of the vehicle and its contents
that may conceal the object of the search.  See Osban v. State, 726
S.W.2d 107, 110B11 (Tex. Crim. App. 1986) (en banc).  Trooper Matura had probable cause for the
search of the trunk after smelling burnt marijuana.  Under the automobile
exception, the trooper was permitted to conduct the search immediately without
a warrant.  See Levine v. State, 794 S.W.2d 451, 453 (Tex. App.CAmarillo 1990, pet. ref=d). Accordingly, appellant=s third and fourth issues are
overruled.

For the
stated reasons, we affirm the judgment of the trial court.

 

 

/s/        Eva M. Guzman

Justice

 

 

Judgment rendered and Memorandum
Opinion filed July 25, 2006.

Panel consists of Chief Justice
Hedges and Justices Yates and Guzman.

Do Not Publish C Tex.
R. App. P. 47.2(b).