Affirmed and Memorandum Opinion filed November 25, 2008








Affirmed and Memorandum Opinion filed November 25, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00818-CR

____________

 

KENDRAE SHONDELL JOHNSON, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 339th
District Court

Harris County, Texas

Trial Court Cause No. 1114458

 



 

M E M O R A N D U M   O P I N I O N

Following
the trial court=s denial of his pretrial motion to suppress evidence,
appellant Kendrae Shondell Johnson pleaded guilty to possession with intent to
deliver methamphetamine weighing more than four grams and less than four
hundred grams.  In his sole issue, appellant argues the trial court erred in
denying his motion to suppress.  We affirm.








Officer Brian Skero testified to the following facts at the
motion to suppress hearing.  While Officer Skero and his partner were
investigating loiterers at a bus shelter, they became suspicious of appellant=s car, which had passed by the
shelter three times at low speed.  They followed appellant=s car and stopped it after observing
two traffic violations: appellant=s license plate was obscured, and he
failed to signal within one hundred feet prior to turning.

While
advising appellant of the violations, Officer Skero smelled Awhat appeared to be marijuana, burned
marijuana emitting from the vehicle.@  Officer Skero had appellant exit
the vehicle and take a field sobriety test, which showed appellant was
intoxicated.  During subsequent questioning, appellant claimed to be coming
from work at a building that had not existed for two years.  Officer Skero then
requested consent to search appellant=s car.  Appellant refused, and
Officer Skero called a K-9 unit.  The canine gave positive alerts to appellant=s car, and a subsequent search
uncovered marijuana and ecstasy pills.

Appellant
was indicted for possessing the ecstasy pills, a methamphetamine.  He filed a
motion to suppress, arguing that the evidence was obtained through an illegal
search and seizure.  The trial court denied his motion.  This appeal followed.

We
review the denial of a motion to suppress for abuse of discretion, giving
almost total deference to a trial court=s determination of historical facts
and reviewing de novo the court=s application of search and seizure law.  Balentine v.
State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  Here, the trial court
did not make explicit findings of historical facts, so we review the evidence
in a light most favorable to the trial court=s ruling and assume that the trial
court made implicit findings of fact supported in the record.  Carmouche v.
State, 10 S.W.3d 323, 327B28 (Tex. Crim. App. 2000).








Circumstances
short of probable cause may justify a temporary investigative detention when
specific, articulable facts create a reasonable suspicion that some activity
out of the ordinary is occurring or has occurred, some suggestion to connect
the detainee with the unusual activity, and some indication the unusual
activity is related to crime.  Garza v. State, 771 S.W.2d 549, 558 (Tex.
Crim. App. 1989).  In the context of a traffic stop, such a detention must not
last longer than is necessary to carry out the purpose of the stop.  Florida
v. Royer, 460 U.S. 491, 500 (1983).  If the detention lasts longer, then it
becomes an arrest and is illegal without probable cause.  See id.

Appellant=s argument that the trial court erred by refusing to suppress
evidence obtained through an illegal, warrantless detention, search, and
seizure is based on two alternative theories: either (1) the investigative
detention was converted into an invalid arrest because of its unreasonable duration
or (2) the police lacked probable cause to arrest appellant and search his
vehicle.  We do not analyze whether appellant was subjected to an unreasonably
lengthy investigative detention because we hold that, even assuming the
detention was so lengthy as to become an arrest, probable cause existed to
arrest him and search his vehicle.








Officer
Skero testified he smelled Awhat appeared to be marijuana, burned marijuana@ emanating from the vehicle while
questioning appellant during a valid traffic stop.  It is well settled that
probable cause to conduct a warrantless search of a validly stopped vehicle
exists when the searching officer, experienced in detecting the odor of
marijuana, smells burned marijuana emanating from the vehicle.  See United
States v. Johns, 469 U.S. 478, 482 (1985); Leonard v. State,
496 S.W.2d 576, 578 (Tex. Crim. App. 1973); Polk v. State, No.
14-05-00793-CR, 2006 WL 3026345, at *2 (Tex. App.CHouston [14th Dist.] July 25, 2006,
pet. ref=d) (mem. op., not designated for
publication) (citing Leonard).  Appellant=s probable cause challenge is founded
on Officer Skero=s cross-examination explanation that he only reported
smelling Awhat appeared to be@ marijuana based on his previous police experience because he
did not want A100 percent to say it was marijuana and be wrong,@ and that he Acould have been wrong@ about the smell.  But probable cause
deals with probabilities, requiring more than mere suspicion but far less
evidence than that necessary to support a conviction or finding by a
preponderance of the evidence.  Guzman v. State, 955 S.W.2d 85, 87 (Tex.
Crim. App. 1997).  Probable cause to search exists when facts and circumstances
within the knowledge of the officer on the scene would lead a reasonable person
to believe that an instrumentality of a crime or evidence of a crime will be
found.  McNairy v. State, 835 S.W.2d 101, 106 (Tex. Crim. App. 1991). 
The law does not require Officer Skero to have been one hundred percent certain
that the odor he smelled emanating from appellant=s car was in fact marijuana odor. 
Based on his police training and experience, the odor emanating from appellant=s vehicle appeared to Officer Skero
to be that of marijuana or burned marijuana, and that fact was sufficient to
lead a reasonable person to believe that an instrumentality of crime or
evidence of a crime would be found in appellant=s car.  Therefore, Officer Skero had
probable cause to arrest appellant and search his vehicle based on the odor.

Furthermore,
appellant=s failure of the field sobriety test also provided a basis for probable
cause to arrest him.  See State v. Stevenson, 958 S.W.2d 824, 829 n.7
(Tex. Crim. App. 1997) (citing Berkemer v. McCarty, 468 U.S. 420
(1984)).  A search of his vehicle incident to that arrest would have been
proper.  New York v. Belton, 453 U.S. 454, 460 (1981) (search of
passenger compartment of vehicle incident to lawful arrest allowed); State
v. Gray, 158 S.W.3d 465, 470 (Tex. Crim. App. 2005) (same).  Additionally,
appellant=s statement regarding returning from work at a building that had not
existed for two years is a lie or evasive statement that may also be considered
in determining the existence of probable cause.  See Gibbs v. State, 819
S.W.2d 821, 830 (Tex. Crim. App. 1991); Johnson v. State, 751 S.W.2d
926, 929 (Tex. App.CHouston [14th Dist.] 1988, pet. ref=d).

Because
there was probable cause to arrest appellant and search his vehicle, the trial
court did not abuse its discretion in denying appellant=s motion to suppress evidence.  We
overrule appellant=s sole issue and affirm the trial court=s judgment.

 

/s/      Leslie B. Yates

Justice

 

Judgment rendered
and Memorandum Opinion filed November 25, 2008.

Panel consists of
Justices Yates, Anderson, and Brown.

Do Not Publish C Tex. R. App. P. 47.2(b).