In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-07-00245-CR


____________________



LABIB AUBDULAH WAALEE, Appellant



V.



THE STATE OF TEXAS, Appellee






On Appeal from the County Court 


Jasper County, Texas


Trial Cause No. JC 25675






MEMORANDUM OPINION


 Labib Aubdulah Waalee appeals his conviction for the misdemeanor offense of failure
to identify. See Tex. Pen. Code Ann. § 38.02(b) (Vernon Supp. 2008). Pursuant to this
section of the Texas Penal Code, the State crafted its information, in part, to read: 

 that on or about the 22nd day of September, 2003, and before the filing of this
information, LABIB AUBDULAH WAALEE, Defendant, did then and there,
knowing that the said Officer Patrick was a peace officer, intentionally gave
[sic] a false or fictitious name, to-wit: gave last name Putilla, to Officer
Patrick, a peace officer who had lawfully arrested or detained the defendant,
. . . . 


 Trial was to a jury which found Waalee guilty "as alleged in the information." 
Punishment was decided by the trial court at confinement in the Jasper County Jail for 180
days and a fine of $1,000. Waalee's appellate issues read:

 1. Is the evidence sufficient to prove beyond a reasonable doubt that appellant
knew the officer was a peace officer before making the alleged false
statement? 


 2. Is the evidence sufficient to prove beyond a reasonable doubt that appellant
made the alleged false statement in the State of Texas? 


 3. Was it lawful for the officer to detain appellant and request appellant to
identify himself? 


 The facts underlying Waalee's prosecution were not in dispute either at trial or on
appeal. While on routine patrol at approximately 11:00 a.m. on the date alleged, Officer
Terry Patrick of the Jasper Police Department observed a vehicle commit a minor traffic
offense. Officer Patrick stopped the passenger car by activating the overhead emergency
lights on his patrol unit. He observed two individuals in the vehicle: the driver, Brian
Mosley, and a front-seat passenger, later identified as Waalee. 

 Officer Patrick approached the driver's-side door and knocked on the window. Upon
the driver's rolling down the window, Officer Patrick smelled "a strong odor of marijuana
coming from the car." He then proceeded to identify both the driver and the passenger. The
driver, Mosley, provided some form of identification to Officer Patrick, but the passenger,
Waalee, could not. When the passenger verbally identified himself as "Labib Putilla,"
Officer Patrick knew that was a fictitious name as he had dealt with Waalee in the past. 
Officer Patrick did not immediately confront Waalee about the false identification but
requested assistance from his dispatcher to get the correct full name. The police dispatcher
was able to provide the correct name, Labib Waalee, to Officer Patrick, and further inform
him of the existence of an outstanding arrest warrant for Waalee. Officer Patrick then placed
Waalee under arrest. 

 Waalee's first two issues question the legal sufficiency of the evidence to sustain his
conviction. Issue one contends the State failed to elicit any evidence that Waalee had
knowledge that Officer Terry Patrick was a peace officer at the time Waalee identified
himself as "Labib Putilla." See Tex. Pen. Code Ann. § 38.02(b)(2) (person commits offense
if he, inter alia, intentionally gives false or fictitious name to a peace officer who has
lawfully detained the person). Issue two points to the lack of any evidence establishing that
Waalee's false identification occurred in the State of Texas. In addressing legal insufficiency
points, we must consider all of the evidence in the light most favorable to the verdict and
then determine whether, based upon that evidence and reasonable inferences therefrom, a
rational jury could have found the essential elements of the offense beyond a reasonable
doubt. See Williams v. State, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007) (citing Jackson
v. Virginia, 443 U.S. 307, 318-19, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979)). The standard is
the same when reviewing both direct and circumstantial evidence cases. King v. State, 895
S.W.2d 701, 703 (Tex. Crim. App. 1995). 

 A review for legal sufficiency does not entail the weighing of any evidence or the
evaluation of witness credibility, as these functions are left to the trier of fact. See Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, the reviewing court determines
whether the explicit and implicit findings of the trier of fact are rational by viewing all the
evidence admitted at trial in the light most favorable to the verdict. See Adelman v. State,
828 S.W.2d 418, 422 (Tex. Crim. App. 1992). In making this determination, the reviewing
court resolves any inconsistencies in the evidence in favor of the verdict. Matson v. State,
819 S.W.2d 839, 843 (Tex. Crim. App. 1991). 

 Waalee is correct in asserting that a defendant does not commit the offense of Failure
to Identify under section 38.02(b) unless he knows that the person to whom he has given a
false or fictitious name is a peace officer. See Green v. State, 951 S.W.2d 3, 4 (Tex. Crim.
App. 1997); Ledesma v. State, 677 S.W.2d 529, 532 (Tex. Crim. App. 1984). However, an
accused's knowledge or intent may be inferred from his acts and words as well as from
circumstances surrounding the incident in question. See Ledesma, 677 S.W.2d at 531;
Baldwin v. State, 264 S.W.3d 237, 242 (Tex. App.--Houston [1st Dist.] 2008, pet. ref'd). As
noted above, Officer Patrick testified that he was a certified peace officer for the Jasper
Police Department on patrol in his patrol unit when he observed Mosley fail to signal a right
turn. Having witnessed this traffic offense, Officer Patrick testified that he "turned on [his]
overhead lights." The record indicates that Mosley stopped his vehicle following Officer
Patrick's assertion of lawful authority by the activation of the patrol unit's overhead lights. 
Although Mosley did not testify, it would be reasonable to infer that by stopping his vehicle
under those particular circumstances, Mosley was aware he was being detained by a law
enforcement officer. If it is reasonable to infer such knowledge on Mosley's part from the
surrounding circumstances as described by Officer Patrick, it is also reasonable to infer
Waalee's knowledge of the presence of the same law enforcement officer as Waalee was
sitting next to Mosley at the time. 

 At trial, Waalee did not contend that no traffic offense was committed, nor was any
evidence produced that Officer Patrick's stop of Mosley was improper. Additionally, the
record contains nothing to suggest that at the time he encountered Mosley and Waalee,
Officer Patrick was attired in anything other than full uniform of the Jasper Police
Department and driving a fully marked Jasper Police Department vehicle. Direct evidence
of the elements of an offense is not necessary to sustain a conviction as juries are permitted
to make reasonable inferences from the evidence presented during the trial, and, as noted
above, circumstantial evidence is as probative as direct evidence in establishing the guilt of
a defendant. See Hooper v. State, 214 S.W.3d 9, 14-15 (Tex. Crim. App. 2007). Indeed,
"[c]ircumstantial evidence alone can be sufficient to establish guilt." Id. at 15. Considering
all the evidence in the light most favorable to the verdict, a rational jury could have found
that Waalee knew the individual he was providing the false or fictitious name to was a peace
officer. Issue one is overruled. 

 In his second issue, Waalee contends the State failed to prove the offense occurred in
the State of Texas. He does point out that Officer Patrick testified that the incident took
place in Jasper County. However, the record also contains a copy of Officer Patrick's sworn
complaint which Waalee had introduced into evidence as Defendant's Exhibit 1. 
Defendant's Exhibit 1 begins with the following wording: "I, T. PATRICK, being a peace
officer of the STATE OF TEXAS, county and city of Jasper, do solemnly swear: . . ." The
exhibit then describes the circumstances surrounding the stop of Mosley's vehicle and the
fact that Waalee provided a false or fictitious name to Officer Patrick. Defendant's Exhibit
1 contains evidence that the offense in question occurred within the State of Texas. 
Additionally, because proof established that the offense took place in Jasper County, we may
take judicial notice that Jasper County is in the State of Texas. See Leyva v. State, 552
S.W.2d 158, 162-63 (Tex. Crim. App. 1977) (taking judicial notice that El Paso County is
in Texas); Barton v. State, 948 S.W.2d 364, 365 (Tex. App.--Fort Worth 1997, no pet.)
(taking judicial notice that Denton County is in Texas); see also 40 George E. Dix &
Robert O. Dawson, Texas Practice: Criminal Practice and Procedure § 2.89 (2001). 
Also, like elements of an offense, the State may establish territorial jurisdiction for its
prosecution circumstantially. See Vaughn v. State, 607 S.W.2d 914, 920 (Tex. Crim. App.
1980). Again we find legally sufficient evidence within the record to show the offense was
committed with the State of Texas. Issue two is overruled. 

 Waalee's third issue is not stated concisely but begins with the following argument: 
 An officer may not, within the scope of [a] traffic stop, request
identification of a passenger and check for outstanding arrest warrants. [St.
George v. State, 197 S.W.3d 806 (Tex. App.--Fort Worth 2006) (en banc) (op.
on reh'g), aff'd, 237 S.W.3d 720 (Tex. Crim. App. 2007)]. An exception to this
rule is a situation where the officer has separate and reasonable suspicions of
the passenger. [Tardiff v. State], 548 S.W.2d 380 (Tex. Crim. App. 1977). In
this case, the only articulated fact that might give rise to a suspicion was the
alleged odor of marijuana the officer stated he smelled when he approached
the driver's side of the vehicle.


Waalee asserts no constitutional argument on the grounds of the Fourth Amendment or
Article I, section 9 of the Texas Constitution with respect to an unlawful arrest or
unreasonable search or seizure. Both St. George and Tardiff, the only authority cited by
Waalee in issue three, are possession of marijuana cases in which the paramount appellate
issue was the propriety of the search and seizure that eventually led officers to discover the
contraband. See Tardiff, 548 S.W.2d at 381; St. George, 197 S.W.3d at 812. Such cases are
inapplicable here. In issue three, Waalee is appealing his conviction for failure to identify
and the record indicates no pretrial suppression motion was filed nor did Waalee object to
any testimony from Officer Patrick recounting the facts and circumstances that led up to
Waalee providing the officer with the false or fictitious surname of "Putilla." The final
sentence under issue three clarifies Waalee's third issue: "The trial court erred in failing to
grant Appellant's oral motion for an instructed verdict of 'not guilty' at the close of the
prosecution's case." Issue three complains of the legal sufficiency of the evidence to support
one of the elements of the charged offense, viz: that Waalee was "lawfully detained" when
he gave the false or fictitious name to Officer Patrick. See McDuff v. State, 939 S.W.2d 607,
613 (Tex. Crim. App. 1997) (complaint regarding overruling a directed/instructed verdict is
in actuality an attack upon the sufficiency of the evidence to sustain the conviction). 

 His argument to the trial court during his motion for instructed verdict and the
argument presented in his brief, indicate Waalee is relying on that portion of St. George in
which the Fort Worth Court of Appeals determined the officer's initial request for the
passenger, St. George, to identify himself during a routine traffic stop to be a "consensual
encounter," not a detention or seizure for Fourth Amendment purposes. See St. George, 197
S.W.3d at 820. Although St. George provided the false or fictitious name at this initial,
"consensual encounter," and because further questioning by the officers did not lead to
reasonable suspicion that St. George had engaged in, or was in the process of engaging in,
criminal activity, any "detention" of St. George was unlawful; therefore his convictions for
failure to identify and possession of marijuana could not be sustained. Id. at 821-25.

 When the Fort Worth Court of Appeals decided St. George, it did not have the benefit
of the United States Supreme Court's decision in Brendlin v. California, 551 U.S. 249, 127
S.Ct. 2400, 2406, 2410, 168 L.Ed.2d 132 (2007), which definitively held that when a peace
officer makes a traffic stop, all passengers riding in the vehicle, along with the driver, are
seized within the meaning of the Fourth Amendment. Thus, Brendlin settled the question
whether, following a routine traffic stop, a passenger has standing to contest either the
stopping of the vehicle or the passenger's removal from the vehicle as unreasonable under
the Fourth Amendment. Id. 127 S.Ct. at 2408; Kothe v. State, 152 S.W.3d 54, 61 (Tex. Crim.
App. 2004). Here, however, Waalee does not contest the basis for Officer Patrick's stopping
of Mosley's vehicle, nor does he argue that the initial traffic stop was unreasonably
prolonged in its duration by Officer Patrick's continued questioning of him on matters
unrelated to the stop. See St. George, 237 S.W.3d at 725-27. Therefore, under Brendlin,
Waalee was detained the moment Mosley's vehicle came to a stop. See Brendlin, 127 S.Ct.
at 2410 ("Brendlin was seized from the moment Simeroth's car came to a halt on the side of
the road[.]"). In the light most favorable to the verdict, the evidence before us indicates that
at the time Waalee identified himself with the false or fictitious name of "Putilla," he was
being lawfully detained by Officer Patrick based upon the traffic offense committed by
Mosley in Officer Patrick's presence. Any rational trier of fact could have found the lawful
detention element of the charged offense proven beyond a reasonable doubt. Issue three is
overruled. The judgment of the trial court is affirmed. 

 AFFIRMED. 

 __________________________________

 CHARLES KREGER

 Justice


Submitted on July 29, 2008

Opinion Delivered February 11, 2009

Do not publish


Before McKeithen, C.J., Kreger and Horton, JJ.