Felipe Moreno **AGUILAR**, Appellant,

v.

**STATE of Texas**, Appellee.

No. 13–83–173–CR.

Court of Appeals of Texas,
Corpus Christi.

Dec. 8, 1983.

Susan Roland Francis, Harlingen, for appellant.

Reynaldo S. Cantu, Jr., Dist. Atty., Brownsville, for appellee.

Before NYE, C.J., and YOUNG and UTTER, JJ.

## OPINION

NYE, Chief Justice.

This is an appeal from a conviction of the offense of possession of marijuana. Appellant was convicted of being in possession of less than two (2) ounces of marijuana and was given a fine of one hundred dollars ($100.00) plus reimbursement of court costs.

Appellant's sole ground of error on appeal is that the trial court erred in denying appellant's Motion to Suppress the fruits of the search and admitting such evidence over objection, in violation of appellant's rights under the Fourth Amendment of the United States Constitution and Article 1, Section 9 of the Texas Constitution. The state did not file a brief in this cause.

The appellant was convicted before the court. Much of the evidence and testimony were elicited at the hearing on a Motion to Suppress. At that hearing, conflicting testimony was presented. Officer Frias, testifying for the state, stated that after stopping appellant's vehicle for speeding, he approached the driver and smelled a strong odor of marijuana smoke from inside the vehicle. He testified that he asked the driver to step outside the vehicle. He detected a strong marijuana odor on appellant's person. Frias' partner, Al Benevides, searched the vehicle and found less than two ounces of marijuana in a plastic baggie under the dash. Officer Benevides did not testify at the hearing.

Rene Cortez, a convenience store employee, testified that he saw the events in question from the window of the store where he worked. He testified that he saw appellant exit the van and come around to the rear of the van. The officer who was driving the patrol car met appellant there. Cortez said he never saw the driver of the patrol car anywhere near the front doors of the van. After hearing all the evidence, the trial court denied the appellant's Motion to Suppress.

Appellant does not contest the authority of the officers to stop appellant on a traffic violation, nor does he contest the authority of the officers to search a vehicle if the odor of marijuana is emanating from the vehicle itself. Appellant contends, however, that the smell of marijuana about his person does not, by itself, give the officer probable cause to search the van. He argues that the smell of marijuana about his person may have justified further investigation, but there is no evidence that the officer who conducted the search smelled marijuana when he approached the van to investigate.

Probable cause to search or arrest exists when reasonably trustworthy facts and circumstances within the knowledge of the officer on the scene would lead a man of reasonable prudence to believe that the instrumentality of a crime or evidence pertaining to a crime will be found. *Washington v. State,* 660 S.W.2d 533 (Tex.Cr. App.1983); *Barber v. State,* 611 S.W.2d 67 (Tex.Cr.App.1981). Any articulable facts and circumstances which come into an officer's knowledge during a lawful stop may justify further investigation. *Tardiff v. State,* 548 S.W.2d 380 (Tex.Cr.App.1977). The odor of marijuana emanating from inside a vehicle provides sufficient probable cause for a warrantless search. *Aldridge v. Texas,* 482 S.W.2d 171 (Tex.Cr.App.1972); *Moulden v. State,* 576 S.W.2d 817 (Tex.Cr. App.1978).

The standard of probable cause in a warrantless search is no less stringent than that required to be shown to a magistrate for the issuance of a search warrant. If an affiant, in seeking a search warrant, testifies to the presence of odors and a

**438**

magistrate finds the affiant is qualified to know the odor, the evidence will be considered evidence of a persuasive character in obtaining a warrant. *Moulden v. State,* 576 S.W.2d at 819. This same standard is also true where a warrantless search exists. Here, the officer's testimony that, pursuant to a lawful stop. He smelled the odor of marijuana about the appellant's person (whether he was in the van or had just exited it), was probable cause to warrant further investigation. *See Leonard v. State,* 496 S.W.2d 576 (Tex.Cr.App.1973).

The judgment of the trial court is affirmed.