Willie Henry HARRISON,
Jr., Appellant,

v.

STATE of Texas, Appellee.

No. 01–99–00109–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Dec. 9, 1999.

Patrick J. Ruzzo, Houston, for Appellant.

John B. Holmes, Fred Wilson, Houston, for the State.

Panel consists of Justices MIRABAL, NUCHIA, and PRICE.*

## OPINION

MARGARET GARNER MIRABAL, Justice.

After his motion to suppress was overruled, appellant, Willie Henry Harrison, pled guilty to possession of marihuana in a usable quantity of more than four ounces and less than five pounds. The trial court assessed punishment at 200 days confinement. In two points of error, appellant contends the trial court erred in overruling his motion to suppress. We affirm.

## FACTS RELEVANT TO THE MOTION TO SUPPRESS

Deputy P. Foose, of the Harris County Sheriff Department's Organized Crime Narcotics Task Force, testified that on August 18, 1998, he observed a vehicle whose brake lights and left tail light were not working. He pulled the vehicle over. Appellant was the driver of the vehicle, and Cory Dale Aldridge was a passenger.[1] As Foose approached the driver's side of the vehicle, he detected the smell of burnt marihuana. He requested that appellant and Aldridge step out of the vehicle, and they did. Foose checked their identities, checked for outstanding warrants, and then issued a warning citation for the defective lights. Foose asked appellant if he could search the vehicle; appellant consented. Foose then searched the interior of the vehicle, but found no evidence of marihuana. Still detecting the odor of marihuana, Foose unlatched, but did not open the trunk of the vehicle. At this point, both appellant and Aldridge stated

they did not want Foose to search the trunk.

Foose stopped the search and contacted Deputy H. Palacious, a certified canine handler, whose partner, "Rider," is a certified drug detection dog. Palacious and the drug dog arrived on the scene approximately four to five minutes later. The dog indicated the scent of narcotics was coming from inside the trunk of the vehicle. Foose then opened the trunk. Marihuana was recovered in two parts: a quantity contained within a zip-lock bag, which was wrapped in a towel, and a smaller quantity found within a pair of pants.

## DISCUSSION

Appellant asserts Foose did not have probable cause to conduct the search of the vehicle, and as a result, the marihuana discovered was the result of an illegal search and seizure in violation of the Fourth Amendment of the United States Constitution and the Texas Constitution article I, section nine.

 We review *de novo* a trial court's determination of reasonable suspicion and probable cause. *Guzman v. State*, 955 S.W.2d 85, 89 (Tex.Crim.App.1997). However, we afford almost total deference to a trial court's determination of historical facts that the record supports, especially when the findings are based on an evaluation of credibility and demeanor. *Id.* In reviewing a ruling on a question of the application of law to facts, we review the evidence in the light most favorable to the trial court's ruling. *Id.*

 It is well established that a warrantless search of an automobile is not unreasonable under the Fourth Amendment when there is probable cause to believe the vehicle contains contraband or

---

* The Honorable Frank C. Price, former Justice, Court of Appeals, First District of Texas at Houston, participating by assignment.

1. Aldridge, a co-defendant, was the owner of the vehicle.

evidence of a crime.[2] *Carroll v. United States*, 267 U.S. 132, 156, 45 S.Ct. 280, 286, 69 L.Ed. 543 (1925); *Powell v. State*, 898 S.W.2d 821, 827 (Tex.Crim.App.1994). Probable cause exists when the facts and circumstances, within the knowledge of the officer, would lead a person of reasonable caution and prudence to believe that an instrumentality of a crime or evidence will be found. *Moulden v. State*, 576 S.W.2d 817, 819 (Tex.Crim.App.1978). The smell of burnt marihuana by a trained officer provides, in itself, probable cause to search a vehicle. *Id.* at 819–20. Moreover, when a trained and certified narcotics dog alerts an officer to apparent evidence or contraband, probable cause exists to search a vehicle. *Josey v. State*, 981 S.W.2d 831, 846 (Tex.App.—Houston [14th Dist.] 1998, pet. ref'd).

■ At the motion to suppress hearing, Deputy Foose testified he is trained to detect the odor of marihuana, and he smelled burnt marihuana upon approaching the vehicle. Deputy Palacios testified he is a certified canine handler, and his dog is certified and trained in drug detection. The dog twice alerted the officers to the trunk of the vehicle. As such, probable cause existed to justify the warrantless search of the vehicle, including the trunk. *See Moulden*, 576 S.W.2d at 819; *Josey*, 981 S.W.2d at 846. Therefore, the trial judge did not abuse its discretion in overruling appellant's motion to suppress.

We overrule appellant's two points or error.

We affirm the judgment.

**2.** Appellant relies on *Davis v. State* to support his position that the purpose of the stop, inoperative brake and tail lights, was concluded, and any detention thereafter was unreasonable. 947 S.W.2d 240, 246 (Tex.Crim.App. 1997). Appellant's reliance on *Davis* is misplaced. In *Davis*, the appellant was pulled over because the peace officer suspected he was driving while intoxicated. *Id.* at 241.

There was no odor of alcohol or other evidence indicating the appellant was under the influence; however, the officer did not allow him to leave. *Id.* As a result, the court found the further detention was unlawful. *Id.* at 246. In contrast, here, Deputy Foose was justified in extending the detention because he smelled the odor of burnt marihuana.