NUMBER 13-10-00019-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI - EDINBURG  

                                                                                                                     


 

LOUIS EFREN RAGUSIN,                                                            Appellant, 

 

  v.

 

THE STATE OF TEXAS,                         
                        Appellee.                                                                                                                                                                                                                                                               
                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                                             

                                                                                                                     
  

 

On appeal from the 24th
District Court 

of Victoria County,
Texas

                                                                                                                     


 

MEMORANDUM OPINION

 

Before Chief Justice
Valdez and Justices Rodriguez and Perkes   

Memorandum Opinion by
Justice Perkes  

 

            Appellant Louis Efren Ragusin appeals his
conviction for unlawful possession of less than one gram of a controlled
substance, a state-jail felony.  See Tex.
Health & Safety Code Ann. § 481.115(a), (b) (West 2003).  By a
single issue, appellant argues the trial court erred when it denied his
pre-trial motion to suppress because the methamphetamine at issue was discovered
as a result of an illegal search.  We affirm. 

I.             
 factual and procedural background

 

            The evidence from the suppression hearing shows
that a police officer initiated a traffic stop because appellant failed to
signal before turning and because appellant was playing excessively loud music in
violation of a city ordinance.  Appellant does not dispute the validity of the
traffic stop. 

            When the officer approached the driver’s side
of appellant’s car and attempted to introduce himself, appellant “got wrapped
around with [his] dog from the front to the back seat.”  The officer testified
the dog was large and looked like a pit bull or bulldog.  It barked loudly and
constantly.  Appellant opened a back window of the car, and the dog nearly
lunged out.  The officer testified he could not position himself near the car
because of the dog.  Concerned for his safety, the officer asked appellant to
exit the car.  When appellant did so, the officer noticed a faint odor of
marihuana.  When the officer and appellant were standing close together, the
officer smelled marihuana permeating from appellant’s clothes.  The officer
testified he received police-academy training on recognizing the smell and
sight of marihuana, and that he possessed field experience as a police officer
in recognizing the smell and sight of marihuana.

            Appellant provided his driver’s license,
which bore a Port O’Connor, Texas address.  When questioned about this,
appellant admitted that he had moved and failed to change the address on his
driver’s license within thirty days.  Appellant asked the officer if he could
go inside his car to retrieve his proof of insurance.  The officer denied this
request, and appellant “almost instantly” produced his insurance card from the
wallet he was holding.  In the course of addressing the traffic violations, appellant
asked the officer several more times for permission to return to his car for
various reasons, including to get a cigarette.  Appellant appeared nervous and
fidgeted during the interaction with the officer.  When the officer asked him
simple “yes” or “no” questions, appellant talked excessively and would answer
several questions at a time.      

            The officer returned to his patrol car and
called for assistance from a police unit experienced in narcotics cases.  The
officer testified the traffic stop occurred in an area known for narcotics
sales.  The officer issued three written warnings—failure to signal,
excessively loud music, and failure to update the driver’s license address. 
The officer explained the warnings, and appellant signed them.  During their
conversation about the warnings, appellant continued to be very talkative,
sometimes speaking “for a few minutes, about nothing in particular.”  

            After issuing the warnings, the officer asked
appellant if he possessed anything illegal in his car or on his person. 
According to the officer, appellant denied possessing anything illegal and
offered the officer to search his car.  The officer testified he then explained
to appellant that he smelled marihuana on his clothes and wanted permission to
search appellant’s car.   Appellant testified initially that he could not
recall whether he consented to the officer’s search of the car, but then
recalled that he had first withheld consent because he was en route to pick up his
son pursuant to a court order.  Appellant testified he eventually acquiesced to
a warrantless search of his car because the officer told him he could either
consent or wait at the scene until the officer obtained a warrant.   

            The officer testified that he explained to
appellant he could not search the car because of the dog and that appellant
then offered to hold the dog outside the car.  Appellant secured the dog
outside the car and the officer searched the car.  Approximately twenty minutes
passed between the time the officer initiated the traffic stop and the time the
officer started his warrantless search of appellant’s car.

            The officer first searched a cigarette
package he could see protruding from the center console between the driver and
front passenger seats.  He opened the package and found what he recognized as a
marijuana cigarette.  He arrested appellant and finished searching appellant’s
car.  No other drugs were found inside appellant’s car, though the officer
testified the ashes in the ash tray smelled like burnt marihuana.  The officer again
asked appellant if he possessed any contraband on his person, and appellant
denied possessing anything illegal on his person.

            The officer transported appellant to jail,
where methamphetamine was discovered inside appellant’s wallet.  The contents
of appellant’s wallet were emptied as part of a routine jail inventory of
appellant’s belongings.  Appellant was charged by indictment for unlawful
possession of less than one gram of a controlled substance (methamphetamine).  See
Tex. Health & Safety Code Ann.
§ 481.115 (a), (b) (West 2003).  The trial court denied appellant’s motion to
suppress the methamphetamine, and it was admitted in evidence at trial over
appellant’s objection.  A jury found appellant guilty as charged, sentenced him
to two years of confinement, and imposed a $7,500 fine.  The trial court
entered judgment in accordance with the jury’s verdict and this appeal
followed.       

II.   
discussion

            By one issue on appeal, appellant argues the
warrantless search of his car violated the Fourth Amendment to the United
States Constitution, and that the methamphetamine should have been suppressed
as a fruit of the illegal search and seizure.  Specifically, appellant argues
his detention was unreasonable even up to the point in time when the officer
issued the written warnings.  Appellant argues the detention was unreasonable
because at the inception of the traffic stop, the officer did not smell
marihuana emanating from his car.  Appellant contends that rather than having
appellant exit his car because of the dog, the officer could have walked around
the car to smell for marihuana or called a canine unit to smell the area around
appellant’s car.  Appellant appears to argue further that he should not have
been detained after he received the traffic warnings and that he did not
voluntarily consent to the officer’s search of his car.  Though appellant makes
brief general mention of appellate review of the reasonableness of the length
of a police detention and cites a case concerning this proposition, appellant
makes no complaint concerning the length of time he was detained in this case. 
Appellant does not complain about the search of his wallet at the jail.

A.    Standard
of Review

            We review a trial court’s ruling on a motion
to suppress for an abuse of discretion.  Shepherd v. State, 273 S.W.3d
681, 684 (Tex. Crim. App. 2008).  In doing so, we defer to a trial court's
determination of historical facts, and review de novo the trial court's
application of the law of search and seizure.  Id.; Guzman v.
State, 955 S.W.2d 85, 87-89 (Tex. Crim. App. 1997).  If the issue involves
the credibility of a witness, we give greater deference to a trial court's
ruling, because a trial court is in a better position to evaluate the
credibility of witnesses.  Guzman, 955 S.W.2d at 89.  The trial court
may choose to believe or disbelieve all or any part of a witness's testimony.  State
v. Ross, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000).  If the trial court applied
the law to the facts, and the ultimate resolution of the issue does not turn on
an evaluation of credibility and demeanor of a witness, we review that issue de
novo.  Guzman, 955 S.W.2d at 89.  When, as here, the trial court does
not file findings of fact in support of its ruling on a motion to suppress, we
“view the evidence in the light most favorable to the trial court's ruling and
assume that the trial court made implicit findings of fact that support its
ruling as long as those findings are supported by the record.”  Ross, 32 S.W.3d at 855.  If the trial court’s decision is
correct on any theory of law applicable to the case, the decision will be
affirmed.  Id. at 855-56.

B.  
 Probable Cause for Warrantless Search of Appellant’s Car

       The Fourth Amendment to the
United States Constitution protects the people from unreasonable searches and
seizures performed by the government.  U.S. Const.
amend. IV.  When, as here, the parties do not dispute the validity of
the traffic stop, we begin our analysis with the premise that it was reasonable
for the officer to undertake an investigation of the traffic violations.  See
Davis v. State, 947 S.W.2d 240, 245 (Tex. Crim. App. 1997).  During a valid
traffic stop, a police officer has the authority to order the driver of the car
to step outside of the car.  Pennsylvania v. Mimms, 434
U.S. 106, 111 (1977) (holding an officer may as a matter of course order the
driver of a lawfully stopped vehicle to exit the vehicle); see also Rhodes
v. State, 945 S.W.2d 115, 118 (Tex. Crim. App. 1997).  During
a traffic stop, an officer may also request a driver’s license and proof of
insurance, and check the validity of the license and check for any outstanding
arrest warrants.  Kothe v. State, 152 S.W.3d 54, 64 (Tex. Crim. App.
2004).

Probable
cause to perform a warrantless search of a vehicle arises in the course of a
traffic stop when an officer trained in detecting the smell of marihuana,
detects the odor of marihuana emanating from the driver of the stopped car.  See
United States v. Ross, 456 U.S. 798, 820-21 (1982) (holding warrantless
search of vehicle is authorized if there is probable cause to believe the
vehicle contains evidence of criminal activity); Aguilar v. State, 662
S.W.2d 436, 437-38 (Tex. App.—Corpus Christi 1983, no pet.) (holding odor of
marihuana emanating from driver of van gave rise to probable cause for
warrantless search of van).  While the smell of marihuana, alone, is sufficient
probable cause to support a warrantless search of an automobile, additional
facts may further support a finding of probable cause for a given search.  See
Harrison v. State, 7 S.W.3d 309, 311 (Tex. App.—Houston [1st Dist.] 1999,
pet. ref’d.).

            At the inception of the traffic stop in this
case, the officer was justified in asking appellant to exit his car,
particularly because the dog posed a possible threat to the officer’s safety.  See
Mimms, 434 U.S. at 111.  Once the officer smelled marihuana, he had
probable cause to conduct a warrantless search of appellant’s vehicle.  See
Aguilar, 662 S.W.2d at 437-38.  Under the facts of this case, the
appellant’s nervous demeanor and repeated requests to return to his car further
supported the finding of probable cause.  See Harrison, 7 S.W.3d at
311.  It was reasonable for the officer to become suspicious that there was
contraband in appellant’s car when appellant asked to
retrieve his proof of insurance from inside the car, only to remove it from his
wallet almost instantly after the officer denied appellant permission to return
to his car for this purpose.  See id.

            After a traffic stop is complete, an officer
may inquire whether the driver possesses contraband and request consent to
search.  Edmond v. State, 116 S.W.3d 110, 113-14 (Tex. App.—Houston [14th
Dist.] 2002, pet. ref’d.); Simpson v. State, 29 S.W.3d 324, 328 (Tex.
App.—Houston [14th Dist.] 2000, no pet.).   If consent is denied, the driver
may not be detained further unless there is a reasonable suspicion of criminal
activity.  See Simpson, 29 S.W.3d at 328.  In this case, there was probable
cause to justify the warrantless search of appellant’s car based upon the smell
of marijuana and appellant’s demeanor, so appellant’s complaint in this regard
is without merit.  Because the officer’s warrantless search of appellant’s car
was supported by probable cause, appellant’s consent to the search was unnecessary,
and we do not reach the issue of whether appellant consented to the search.  We
overrule appellant’s sole issue on appeal and affirm the trial court’s
judgment.     

                                                                                         ______________________

                                                                                         Gregory
T. Perkes

                                                                                         Justice

 

Do not publish.  Tex. R. App. P. 47.2(b).

 

Delivered and filed the

5th day of May, 2011.