

# NUMBER 13-10-00019-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

**LOUIS EFREN RAGUSIN,** **Appellant,**

**v.**

**THE STATE OF TEXAS,** **Appellee.**

### On appeal from the 24th District Court
### of Victoria County, Texas

## MEMORANDUM OPINION

**Before Chief Justice Valdez and Justices Rodriguez and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellant Louis Efren Ragusin appeals his conviction for unlawful possession of less than one gram of a controlled substance, a state-jail felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2003). By a single issue, appellant argues

the trial court erred when it denied his pre-trial motion to suppress because the methamphetamine at issue was discovered as a result of an illegal search.   We affirm.

## I.        FACTUAL AND PROCEDURAL BACKGROUND

The evidence from the suppression hearing shows that a police officer initiated a traffic stop because appellant failed to signal before turning and because appellant was playing excessively loud music in violation of a city ordinance.   Appellant does not dispute the validity of the traffic stop.

When the officer approached the driver's side of appellant's car and attempted to introduce himself, appellant "got wrapped around with [his] dog from the front to the back seat."   The officer testified the dog was large and looked like a pit bull or bulldog.   It barked loudly and constantly.   Appellant opened a back window of the car, and the dog nearly lunged out.   The officer testified he could not position himself near the car because of the dog.   Concerned for his safety, the officer asked appellant to exit the car. When appellant did so, the officer noticed a faint odor of marihuana.   When the officer and appellant were standing close together, the officer smelled marihuana permeating from appellant's clothes.   The officer testified he received police-academy training on recognizing the smell and sight of marihuana, and that he possessed field experience as a police officer in recognizing the smell and sight of marihuana.

Appellant provided his driver's license, which bore a Port O'Connor, Texas address.   When questioned about this, appellant admitted that he had moved and failed to change the address on his driver's license within thirty days.   Appellant asked the officer if he could go inside his car to retrieve his proof of insurance.   The officer denied

2

this request, and appellant "almost instantly" produced his insurance card from the wallet he was holding. In the course of addressing the traffic violations, appellant asked the officer several more times for permission to return to his car for various reasons, including to get a cigarette. Appellant appeared nervous and fidgeted during the interaction with the officer. When the officer asked him simple "yes" or "no" questions, appellant talked excessively and would answer several questions at a time.

The officer returned to his patrol car and called for assistance from a police unit experienced in narcotics cases. The officer testified the traffic stop occurred in an area known for narcotics sales. The officer issued three written warnings—failure to signal, excessively loud music, and failure to update the driver's license address. The officer explained the warnings, and appellant signed them. During their conversation about the warnings, appellant continued to be very talkative, sometimes speaking "for a few minutes, about nothing in particular."

After issuing the warnings, the officer asked appellant if he possessed anything illegal in his car or on his person. According to the officer, appellant denied possessing anything illegal and offered the officer to search his car. The officer testified he then explained to appellant that he smelled marihuana on his clothes and wanted permission to search appellant's car. Appellant testified initially that he could not recall whether he consented to the officer's search of the car, but then recalled that he had first withheld consent because he was en route to pick up his son pursuant to a court order. Appellant testified he eventually acquiesced to a warrantless search of his car because the officer told him he could either consent or wait at the scene until the officer obtained a warrant.

3

The officer testified that he explained to appellant he could not search the car because of the dog and that appellant then offered to hold the dog outside the car. Appellant secured the dog outside the car and the officer searched the car. Approximately twenty minutes passed between the time the officer initiated the traffic stop and the time the officer started his warrantless search of appellant's car.

The officer first searched a cigarette package he could see protruding from the center console between the driver and front passenger seats. He opened the package and found what he recognized as a marijuana cigarette. He arrested appellant and finished searching appellant's car. No other drugs were found inside appellant's car, though the officer testified the ashes in the ash tray smelled like burnt marihuana. The officer again asked appellant if he possessed any contraband on his person, and appellant denied possessing anything illegal on his person.

The officer transported appellant to jail, where methamphetamine was discovered inside appellant's wallet. The contents of appellant's wallet were emptied as part of a routine jail inventory of appellant's belongings. Appellant was charged by indictment for unlawful possession of less than one gram of a controlled substance (methamphetamine). *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115 (a), (b) (West 2003). The trial court denied appellant's motion to suppress the methamphetamine, and it was admitted in evidence at trial over appellant's objection. A jury found appellant guilty as charged, sentenced him to two years of confinement, and imposed a $7,500 fine. The trial court entered judgment in accordance with the jury's verdict and this appeal followed.

## II. DISCUSSION

By one issue on appeal, appellant argues the warrantless search of his car violated the Fourth Amendment to the United States Constitution, and that the methamphetamine should have been suppressed as a fruit of the illegal search and seizure. Specifically, appellant argues his detention was unreasonable even up to the point in time when the officer issued the written warnings. Appellant argues the detention was unreasonable because at the inception of the traffic stop, the officer did not smell marihuana emanating from his car. Appellant contends that rather than having appellant exit his car because of the dog, the officer could have walked around the car to smell for marihuana or called a canine unit to smell the area around appellant's car. Appellant appears to argue further that he should not have been detained after he received the traffic warnings and that he did not voluntarily consent to the officer's search of his car. Though appellant makes brief general mention of appellate review of the reasonableness of the length of a police detention and cites a case concerning this proposition, appellant makes no complaint concerning the length of time he was detained in this case. Appellant does not complain about the search of his wallet at the jail.

### A. Standard of Review

We review a trial court's ruling on a motion to suppress for an abuse of discretion. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). In doing so, we defer to a trial court's determination of historical facts, and review de novo the trial court's application of the law of search and seizure. *Id.*; *Guzman v. State*, 955 S.W.2d 85, 87-89 (Tex. Crim. App. 1997). If the issue involves the credibility of a witness, we give greater deference to a trial court's ruling, because a trial court is in a better position to evaluate

the credibility of witnesses. *Guzman,* 955 S.W.2d at 89. The trial court may choose to believe or disbelieve all or any part of a witness's testimony. *State v. Ross,* 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). If the trial court applied the law to the facts, and the ultimate resolution of the issue does not turn on an evaluation of credibility and demeanor of a witness, we review that issue de novo. *Guzman,* 955 S.W.2d at 89. When, as here, the trial court does not file findings of fact in support of its ruling on a motion to suppress, we "view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record." *Ross,* 32 S.W.3d at 855. If the trial court's decision is correct on any theory of law applicable to the case, the decision will be affirmed. *Id.* at 855-56.

### B. Probable Cause for Warrantless Search of Appellant's Car

The Fourth Amendment to the United States Constitution protects the people from unreasonable searches and seizures performed by the government. U.S. CONST. amend. IV. When, as here, the parties do not dispute the validity of the traffic stop, we begin our analysis with the premise that it was reasonable for the officer to undertake an investigation of the traffic violations. *See Davis v. State,* 947 S.W.2d 240, 245 (Tex. Crim. App. 1997). During a valid traffic stop, a police officer has the authority to order the driver of the car to step outside of the car. *Pennsylvania v. Mimms,* 434 U.S. 106, 111 (1977) (holding an officer may as a matter of course order the driver of a lawfully stopped vehicle to exit the vehicle); *see also Rhodes v. State,* 945 S.W.2d 115, 118 (Tex. Crim. App. 1997). During a traffic stop, an officer may also request a driver's license and proof

6

of insurance, and check the validity of the license and check for any outstanding arrest warrants. *Kothe v. State*, 152 S.W.3d 54, 64 (Tex. Crim. App. 2004).

Probable cause to perform a warrantless search of a vehicle arises in the course of a traffic stop when an officer trained in detecting the smell of marihuana, detects the odor of marihuana emanating from the driver of the stopped car. *See United States v. Ross*, 456 U.S. 798, 820-21 (1982) (holding warrantless search of vehicle is authorized if there is probable cause to believe the vehicle contains evidence of criminal activity); *Aguilar v. State*, 662 S.W.2d 436, 437-38 (Tex. App.—Corpus Christi 1983, no pet.) (holding odor of marihuana emanating from driver of van gave rise to probable cause for warrantless search of van). While the smell of marihuana, alone, is sufficient probable cause to support a warrantless search of an automobile, additional facts may further support a finding of probable cause for a given search. *See Harrison v. State*, 7 S.W.3d 309, 311 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd.).

At the inception of the traffic stop in this case, the officer was justified in asking appellant to exit his car, particularly because the dog posed a possible threat to the officer's safety. *See Mimms*, 434 U.S. at 111. Once the officer smelled marihuana, he had probable cause to conduct a warrantless search of appellant's vehicle. *See Aguilar*, 662 S.W.2d at 437-38. Under the facts of this case, the appellant's nervous demeanor and repeated requests to return to his car further supported the finding of probable cause. *See Harrison*, 7 S.W.3d at 311. It was reasonable for the officer to become suspicious that there was contraband in appellant's car when appellant asked to retrieve his proof of

insurance from inside the car, only to remove it from his wallet almost instantly after the officer denied appellant permission to return to his car for this purpose. *See id.*

After a traffic stop is complete, an officer may inquire whether the driver possesses contraband and request consent to search. *Edmond v. State*, 116 S.W.3d 110, 113-14 (Tex. App.—Houston [14th Dist.] 2002, pet. ref'd.); *Simpson v. State*, 29 S.W.3d 324, 328 (Tex. App.—Houston [14th Dist.] 2000, no pet.). If consent is denied, the driver may not be detained further unless there is a reasonable suspicion of criminal activity. *See Simpson*, 29 S.W.3d at 328. In this case, there was probable cause to justify the warrantless search of appellant's car based upon the smell of marijuana and appellant's demeanor, so appellant's complaint in this regard is without merit. Because the officer's warrantless search of appellant's car was supported by probable cause, appellant's consent to the search was unnecessary, and we do not reach the issue of whether appellant consented to the search. We overrule appellant's sole issue on appeal and affirm the trial court's judgment.

_____
Gregory T. Perkes
Justice

Do not publish. TEX. R. APP. P. 47.2(b).

Delivered and filed the
5th day of May, 2011.