**Affirmed and Opinion Filed December 13, 2024**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-23-00045-CR**
_____

**ROBERT PROCSAL JR., Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 382nd Judicial District Court**
**Rockwall County, Texas**
**Trial Court Cause No. 2-20-0257**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Reichek, and Justice Kennedy
Opinion by Chief Justice Burns

On the Court's own motion, we withdraw the opinion and vacate the judgment issued December 5, 2024. The following is now the opinion of this Court.

Robert Procsal Jr. appeals the trial court's judgment convicting him of "possession of marihuana" in an amount of five pounds or less but more than four ounces. *See* TEX. PENAL CODE ANN. § 481.121(b)(3). A jury found appellant guilty and assessed his punishment at two years in state jail and a fine of $5,000. Appellant raised three issues on appeal, arguing the trial court erred in (1) overruling his motion to suppress, (2) denying his motion for disclosure of the source of information, and

(3) admitting certain evidence during the punishment phase of the trial. At oral argument, however, appellant waived his first ground of error for review.

As to appellant's second issue—disclosure of the source of information—the informant was not a participant in the alleged offense, nor was the informant a witness to any events occurring during the offense. Thus, we conclude the trial court correctly ruled the informant's identity did not need to be disclosed by the State, and we overrule appellant's second issue.

As to appellant's third issue, the admission of other-drug evidence during punishment, the trial court could have found that the evidence was relevant to appellant's sentence for the offense of "possession of marihuana." Thus, we hold the trial court did not abuse its discretion in overruling appellant's third issue. We affirm the trial court's judgment.

## I.    BACKGROUND

A civilian contacted Agent Habib El Khoury, a peace officer with the Texas Department of Public Safety, and informed him that appellant would be traveling to Rockwall County from Colorado driving a rental car carrying tetrahydrocannabinol (THC) and marijuana products. Khoury then used appellant's name, date of birth, and phone number to find the rental agency that had rented the car to appellant. He also obtained a license plate number of the rental car. Khoury used the license plate reader database to determine what time the rental car would arrive in Rockwall

County. At that point, he passed the information on to the Rockwall County Sheriff's office.

Deputy Steven Saric, a patrol deputy with the Rockwall County Sheriff's office, was working the evening shift during the time that appellant's rental car was determined to arrive in Rockwall County. Saric was instructed to watch for appellant's rental car. At some point, Saric observed appellant commit a traffic violation and stopped his car. Saric noticed that appellant was very nervous. Saric asked appellant for permission to search the car. Appellant denied consent to search.

Soon after Saric stopped appellant's car, a K-9 officer arrived on scene with his drug-sniffing dog. The dog quickly alerted to a narcotic odor which gave Saric probable cause to search the car. *See Harrison v. State*, 7 S.W.3d 309, 311 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (holding that "when a trained and certified narcotics dog alerts . . . to . . . contraband, probable cause exists").

Saric located three coolers in the trunk of the car. Once opened, Saric saw they contained vacuumed sealed bags labeled "marijuana and THC." Saric also found receipts inside the packaging that showed the narcotics were purchased in Colorado. Appellant was subsequently arrested.

The drugs were taken to the sheriff's office and later sent for testing at the Armstrong Laboratory in Arlington. According to the lab, the sealed bags contained THC and marijuana. In total, the THC weighed 333.7 grams. The marijuana weighed 3.65 pounds.

Because the sheriff's office received information that appellant had additional drugs in his home, officers went to appellant's home hours after he was arrested. The officers obtained consent to search from the other adult resident at appellant's home and conducted a search. In appellant's bedroom closet, officers found a cooler that looked like the cooler seized from appellant's car. The cooler in the bedroom contained sealed bags that looked like the bags seized from appellant's rental car. The bags were labeled THC and marijuana. Officers also found baggies and a scale in the closet.

Appellant was subsequently charged with the state jail felony offense of "possession of marihuana" in an amount of five pounds or less but more than four ounces for the drugs found in his rental car. Appellant requested a jury trial. The jury found appellant guilty and assessed his punishment at two years in state jail and a $5,000 fine.

## II. DISCLOSURE OF SOURCE INFORMATION

In his second issue, appellant claims the trial court erred by denying his motion for disclosure of the informant's identity.

### A. Standard of review

A trial court's ruling on a motion to disclose the identity of a confidential informant is reviewed for an abuse of discretion. *Taylor v. State*, 604 S.W.2d 175, 179 (Tex. Crim. App. [Panel Op.] 1980); *see also Ford v. State*, 179 S.W.3d 203, 210 (Tex. App.—Houston [14th Dist.] 2005, pet. ref'd). The abuse of discretion

–4–

standard is a deferential standard of review that requires appellate courts to view the evidence in the light most favorable to the trial court's ruling. *Briggs v. State*, 560 S.W.3d 176, 184 (Tex. Crim. App. 2018). The trial court's determination of historical facts is afforded almost complete deference, especially when those determinations are based on assessments of credibility and demeanor. *Furr v. State*, 499 S.W.3d 872, 877 (Tex. Crim. App. 2016) (describing standard in context of rulings on motions to suppress). In determining whether the trial court abused its discretion, an appellate court must not substitute its own judgment for that of the trial court, and it must uphold the trial court's ruling if it is within the zone of reasonable disagreement. *Burch*, 541 S.W.3d at 820. "An abuse of discretion does not occur unless the trial court acts 'arbitrarily or unreasonably' or 'without reference to any guiding rules and principles.'" *State v. Hill*, 499 S.W.3d 853, 865 (Tex. Crim. App. 2016). A trial court abuses its discretion only when no reasonable view of the record could support its ruling. *Int'l Fid. Ins. Co. v. State*, 586 S.W.3d 9, 12 (Tex. Crim. App. 2019).

### B.    Applicable law

Texas Rule of Evidence 508 affords the State a privilege to withhold disclosure of the identity of a person who has provided a law enforcement officer information that relates to or assists in the investigation of a possible violation of law. TEX. R. EVID. 508(a); *Coleman v. State*, 577 S.W.3d 623, 635 (Tex. App.—Fort Worth 2019, no pet.). Yet, the privilege against disclosure in Rule 508 is subject to

an exception. TEX. R. EVID. 508(c); *Bodin v. State*, 807 S.W.2d 313, 317 (Tex. Crim. App. 1991). The privilege does not apply in a criminal case "if the court finds a reasonable probability exists that the informer can give testimony necessary to a fair determination of guilt or innocence." *See* TEX. R. EVID. 508(c)(2)(A).

The defendant has the threshold burden of demonstrating that identity must be disclosed, i.e., that the informant can give testimony pertinent to the defendant's guilt or innocence. *Bodin*, 807 S.W.2d at 318; *Coleman*, 577 S.W.3d at 635. Thus, the defendant must show that the informant's potential testimony would significantly aid the defendant—mere conjecture about possible relevance is insufficient to meet the threshold. And if the information from the informant was used only to establish probable cause for a search warrant or if the informant "merely provided information that led police to investigate a potential offense" and "was neither a participant in the offense for which the accused was charged nor present when a search warrant was executed or an arrest was made," then the informant's identity "need not be disclosed because the testimony is not essential to a fair determination of guilt or innocence." *Coleman*, 577 S.W.3d at 635.

Once the defendant demonstrates the identity must be disclosed, the trial court must give the State an opportunity to show, in camera, facts relevant to determining whether the informant can supply that testimony. TEX. R. EVID. 508(c)(2)(C); *Haggerty v. State*, 429 S.W.3d 1, 8 (Tex. App.—Houston [14th Dist. 2013, pet. ref'd).

**C. The trial court correctly ruled that the informant's identity did not need to be disclosed by the State.**

Here, the court held an in-camera hearing. After the hearing, the trial court announced it found the informant "did not participate in the offense" and would "not aid the defendant as it relates to the material allegations in this case regarding guilt or innocence." We have reviewed the record from the in-camera hearing. Our review indicates the informant was not a participant in the offense, nor was the informant a witness to any events occurring during Saric's stop of appellant's car. The informant merely provided information that led to Saric's stop of appellant's car in Rockwall County. The trial court correctly ruled the informant's identity did not need to be disclosed by the State.

We overrule appellant's second issue.

## III. ADMISSION OF EVIDENCE DURING PUNISHMENT

In his third issue, appellant argues that photographs of the packages of THC and marijuana found in his residence should not have been admitted during the punishment stage of his trial because the contents of the packages had not been tested to confirm the contents were indeed illegal narcotics.

Article 37.07, section 3(a) of the Texas Code of Criminal Procedure governs the admissibility of evidence during the punishment phase of a noncapital case. *Sims v. State*, 273 S.W.3d 291, 295 (Tex. Crim. App. 2008); *see* TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a). Article 37.07, section 3(a)(1) provides that

evidence may be offered by the [S]tate and the defendant as to any matter the court deems relevant to sentencing, including but not limited to the prior criminal record of the defendant, his general reputation, his character, an opinion regarding his character, the circumstances of the offense for which he is being tried, and . . . any other evidence of an extraneous crime or bad act that is shown beyond a reasonable doubt by evidence to have been committed by the defendant or for which he could be held criminally responsible, regardless of whether he has previously been charged with or finally convicted of the crime or act.

TEX. CODE CRIM. PROC. ANN. art. 37.07, § 3(a)(1). Evidence is "relevant" to a punishment determination if that evidence will assist the factfinder in tailoring an appropriate sentence in a particular case. *Sims*, 273 S.W.3d at 295; *see Henderson v. State*, 29 S.W.3d 616, 626 (Tex. App.—Houston [1st Dist.] 2000, pet. ref'd).

Detective Chris Cooper with the Rockwall County Sheriff's office testified during the punishment phase of the trial. Cooper has been employed as a narcotics detective since 2011.

A few hours after Saric arrested appellant, Cooper and a few other officers conducted a search of appellant's home. Cooper viewed the cooler and drugs found in appellant's rental car before he conducted the search. During the search, Cooper found a cooler in appellant's closet. The cooler looked identical to the one seized from appellant's rental car. Upon opening the cooler, Cooper found boxes stamped with the labels "THC and marijuana." Cooper also found baggies and a scale inside appellant's closet.

Appellant does not complain that this evidence was not relevant to his punishment. Nor, does appellant argue that the boxes of drugs found in his closet

were not his. Rather, appellant complains about the admission of the drug evidence because the "items had not been tested." We note, however, Cooper conducted a presumptive test on the drugs found in appellant's closet, and the test indicated the contents were narcotics. Additionally, the cooler, boxes, and sealed packages in appellant's closet were identical in appearance to the items seized from appellant's rental car. Moreover, lab tests confirmed the sealed packages found in appellant's car contained THC and marijuana.

We also note Cooper testified he was aware that the State of Colorado requires boxes containing THC and marijuana to contain the stamp he observed on the boxes in appellant's closet. And Cooper testified that due to his experience and training as a narcotics detective, he believed the contents of the cooler found in appellant's closet were THC and marijuana.

Based on Cooper's testimony, the trial court could have found the evidence of the additional drugs found at appellant's home relevant to sentencing for the offense of "possession of marihuana." Considering the evidence at issue, we conclude that it was within the zone of reasonable disagreement for the trial court to admit this evidence.[1] We overrule appellant's third issue.

---

[1]We note the trial court instructed the jury that it could not consider evidence of an extraneous offense in assessing punishment unless the jury was satisfied beyond a reasonable doubt that the extraneous offense was attributable to the defendant. *See Harrell v. State*, 884 S.W.2d 154, 160 (Tex. Crim. App. 1994).

## IV.  CONCLUSION

Having overruled appellant's two issues, we affirm the trial court's judgment.


230045f.u05
Do Not Publish
Tex. R. App. P. 47.2(b)

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

ROBERT PROCSAL, JR., Appellant

No. 05-23-00045-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 382nd Judicial District Court, Rockwall County, Texas
Trial Court Cause No. 2-20-0257.
Opinion delivered by Chief Justice Burns. Justices Reichek and Kennedy participating.

On the Court's own motion, this Court's judgment of December 5, 2024, is **VACATED**. The following is now the judgment of this Court:

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 13th day of December, 2024.